Roland Gerard FRYER, Appellant,

v.

The STATE of Texas.

No. 1474–99.

Court of Criminal Appeals of Texas.

Jan. 30, 2002.

H.F. Rick Hagen, Denton, for Appellant.

Pamela Moore Lakatos, Asst. DA, Denton, Matthew Paul, State's Atty., Austin, for State.

**OPINION**

KELLER, P.J., delivered the opinion of the Court which MEYERS, PRICE, WOMACK, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

On June 11, 1993, the victim, Valerie Silva, and her sister, Stephanie Ashton,

went to a local bar for drinks. Appellant worked at the bar and was friends with Ashton. Ashton and Silva left the bar around midnight. Appellant called Ashton around 1:30 a.m., and she invited him over. After appellant arrived, the group continued to drink until Silva went to sleep on the couch.[1] Sometime afterwards, appellant sexually assaulted Silva.

Appellant was tried and convicted of sexual assault. He elected to have the trial court assess punishment. The trial court ordered a pre-sentence investigation report (PSI), which contained, among other matters, the victim's recommendation that appellant not receive probation:

> This officer spoke with the victim in this case. She is opposed to the defendant receiving probation and feels that a prison term would serve justice. She stated, "he needs help or he may do this again and that would be very wrong."

Prior to sentencing, appellant objected to the trial court's consideration of this portion of the PSI. The trial court overruled the objection and sentenced appellant to eight years confinement.[2] The Court of Appeals affirmed the conviction. The question before us is whether the trial court erred in overruling appellant's objection to the court considering that portion of the PSI.

■ We begin, as usual, with the language of the relevant statute. Under our approach to statutory interpretation, we look solely to the literal text of the statute for its meaning unless the text is ambiguous or application of the statute's plain language would lead to an absurd result that the legislature could not possibly have intended.[3] Article 42.12, § 9(a),[4] titled "Presentence Investigations," provides in relevant part:

> [B]efore the imposition of sentence by a judge ... the judge shall direct a supervision officer to report to the judge in writing on the circumstances of the offense with which the defendant is charged, the amount of restitution necessary to adequately compensate a victim of the offense, the criminal and social history of the defendant, and any other information relating to the defendant or the offense requested by the judge.

The statute is broadly worded, and by its plain language allows inclusion of *any* information relating to the defendant or the offense, which would include information about a victim's belief concerning the defendant's suitability for probation. Article 37.07, § 3(d) provides for the trial court's consideration of the report at the sentencing phase of trial.

However, appellant advances four arguments against permitting consideration in a PSI of a victim's opinion concerning the defendant's suitability for probation: He claims that such consideration (1) violates Eighth Amendment principles articulated

---

1. The facts recited above come verbatim from the Court of Appeals's opinion. *See Fryer v. State*, 993 S.W.2d 385, 387 (Tex.App.-Fort Worth 1999).

2. Initially, the trial court overruled the objection on the ground that appellant was not pointing out a factual inaccuracy in the report. After further discussion, in which appellant argued that the PSI should not be used to circumvent the rules of evidence, the trial court stated: "It appears to me that the

Legislature requires us to read or have a Presentence done and requires us to look at it. It could be favorable or unfavorable to a person's client, so I will overrule the objections to that."

3. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim.App.1991).

4. All references to Articles are to the Code of Criminal Procedure.

in *Booth v. Maryland,*[5] (2) conflicts with our opinion in *Sattiewhite v. State,*[6] (3) is contrary to Presiding Judge Onion's advice in *Nunez v. State,*[7] and (4) conflicts with other statutes, namely Articles 42.03 and 56.03. In essence, each of these complaints involves corresponding attacks based upon (1) the Eighth Amendment, (2) the rules of evidence, (3) the PSI statute, and (4) other statutes. Whether considered in isolation or together, none of these claims are meritorious.

## 1. Eighth Amendment

■ In *Booth v. Maryland,* the United States Supreme Court found that the introduction of a "victim impact statement" in the sentencing phase of a capital murder trial violated the Eighth Amendment.[8] The Supreme Court found two types of information in the statement to be objectionable: (1) "a description of the emotional trauma suffered by the family and the personal characteristics of the victims"[9] and (2) "the family members' opinions and characterizations of the crimes."[10] In *Payne v. Tennessee,*[11] the Supreme Court overruled *Booth's* holding regarding the first category but expressly declined to consider the second category (family members' "opinions about the crime, the defendant, and the appropriate sentence") because it was not an issue in the case.[12]

Although *Booth's* latter holding remains binding precedent, the present case is distinguishable in two important respects. First, *Booth* was a death penalty case, and the Supreme Court expressly predicated its holding on the special gravity of the death penalty situation: "We note however, that our decision today is guided by the fact death is a 'punishment different from all other sanctions....We imply no opinion as to the use of these statements in noncapital cases.' "[13] Second, the statements in *Booth* were not made by the actual victim of the crime but by family members who did not observe the crime.[14] The statements in the present case were made by the crime victim, who, being more knowledgeable about the offense, could be in a better position to speak on the issue of appropriate punishment. For these reasons, we are unpersuaded by appellant's Eighth Amendment claim.

## 2. Rules of Evidence

■ Appellant claims that a victim's punishment recommendation in a PSI violates limitations upon opinion testimony recognized in *Sattiewhite v. State.* In that case, we held that an expert witness could not testify on the matter of what punishment should be assessed.[15] To do so would violate Texas Rule of Evidence 702[16] because the expert in that case was

5.  482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987).

6.  786 S.W.2d 271 (Tex.Crim.App.1989), *cert. denied,* 498 U.S. 881, 111 S.Ct. 226, 112 L.Ed.2d 181 (1990).

7.  565 S.W.2d 536 (Tex.Crim.App.1978).

8.  *Booth,* 482 U.S. at 509.

9.  *Id.* at 503.

10.  *Id.* at 508.

11.  501 U.S. 808, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991).

12.  501 U.S. at 830 & 830 n. 2

13.  *Booth,* 482 U.S. at 509 n. 12.

14.  *See id.* at 498.

15.  786 S.W.2d at 290–291.

16.  Formerly Texas Rule of Criminal Evidence 702.

not shown to be qualified to testify and because the subject was not one upon which the aid of an expert's opinion would be of assistance to the jury.[17]  Our analysis in *Sattiewhite*, then, focused specifically on the unsuitability of *expert* testimony on the issue of appropriate punishment.  We concluded that such testimony would escalate into a "battle of the experts."[18]  *Sattiewhite* does not address, even peripherally, the propriety of including in a PSI the opinion of the crime victim.

Moreover, the issue in *Sattiewhite* was whether certain testimony was admissible under the Texas Rules of Evidence.  The issue here is what may properly be included in a PSI. In *Brown v. State*, we held that the PSI statute authorized the trial court to consider information in the PSI that was hearsay.[19]  To hold otherwise, we maintained, would be "to deny the obvious purpose of the statute."[20]  Other cases have held that a PSI may contain—and a trial court may consider—evidence that could not have been introduced at the punishment stage of trial due to its subject matter, such as an arrest record or a pending indictment.[21]  Because, generally, the rules of evidence do not apply to the contents of a PSI, *Sattiewhite* is inapposite.[22]

### 3.  PSI Statute

■  Appellant next contends that we should heed former Presiding Judge Onion's cautions concerning the limited purpose for which a PSI should be used. Appellant quotes Presiding Judge Onion for the proposition that certain types of evidence available in a PSI should not be considered in assessing punishment:

> *If there be a presentence report, it should be used to determine the question of granting probation alone.*  This would avoid any argument that in assessing punishment the court took into consideration arrest reports not resulting in final convictions, extraneous offenses, hearsay, rumors, etc., which frequently find their way into pre-sentence reports and which should not be used in determining punishment.[23]

However, the first sentence is crucial to an understanding of the passage.  Earlier in his concurrence, Presiding Judge Onion observed that "The only reference in the Code of Criminal Procedure to a pre-sentence investigation or report by a probation officer is found in the Adult Probation Parole and Mandatory Supervision Law."[24]  That situation is no longer the case, as Article 37.07 was amended to authorize the consideration of a PSI before

17.  *Id.*

18.  *Id.*

19.  478 S.W.2d 550, 551 (Tex.Crim.App.1972).

20.  *Id.*

21.  *McNeese v. State*, 468 S.W.2d 800, 801 (Tex.Crim.App.1971)(arrest record);  *Clay v. State*, 518 S.W.2d 550, 555 (Tex.Crim.App.1975)(pending indictment).  *At the time*, neither an arrest record nor a pending indictment were admissible at the punishment stage of a non-capital trial under Article 37.07.  *Nunez*, 565 S.W.2d at 540 n. 1 (Onion, P.J. concurring).  Citing former Article 38.11,

Presiding Judge Onion also observed that PSI reports often contained "interviews with the defendant's spouse resulting in information to which the spouse could not give in open court." *Id.*

22.  Moreover, Silva was arguably qualified to give lay opinion testimony under Rule 701 concerning appellant's suitability for probation because she was acquainted with appellant and had first-hand knowledge of the commission of the offense.

23.  *Nunez*, 565 S.W.2d at 540 (Onion, P.J. concurring)(emphasis added).

24.  *Id.* at 539.

sentencing.[25] We later recognized Presiding Judge Onion's comments and agreed that, before the Article 37.07 amendment, a trial court was authorized to consider a PSI only in connection with the decision on whether to grant probation.[26] But the Article 37.07 amendment was designed to change that by giving trial courts explicit authority to consider a PSI for general punishment assessment purposes.[27] In fact, following the Article 37.07 amendment, Presiding Judge Onion opined that otherwise inadmissible evidence in a PSI could now be considered for the purpose of assessing punishment:

> Nevertheless, it became quite common for the court to order a pre-sentence report even where the issue of probation was not involved and the same was utilized without objection.... The practice has now been legitimized by Acts 1981, 67th Leg., p. 2466, ch. 639, effective September 1, 1981.... It should be remembered that these reports often contain reports of arrests not resulting in final convictions ... reports of pending indictments ... and hearsay statements.... *It would appear that these matters may now be properly considered by the court using the pre-sentence report to determine punishment as well as the issue of probation.*[28]

### 4. Other Statutes

■ Appellant observes that Article 56.03 allows a trial court to consider a written "victim impact statement." That statute sets forth a list of economic, physical, and social effects to be included within the statement and also directs the inclusion of any other information regarding the impact of the offense on a victim, guardian, or relative.[29] Appellant correctly observes that a victim's punishment recommendation is not included within that list. Appellant then examines the language of the Article 42.03 victim statement provision, which gives the victim a right to state his views about the offense, about the defendant, and about the effect of the offense on the victim.[30] Appellant points to subsections of this provision permitting such a statement only *after* punishment has been imposed.[31] Appellant concludes that this post-sentencing victim statement—not the PSI—is the appropriate mechanism for a victim's opinion concerning the proper punishment.

However, neither of these statutes purports to restrict the information contained in a PSI; in fact, they have nothing to do with a PSI at all. Article 56.03 sets up a Texas Crime Victim Clearinghouse and mandates that the Clearinghouse develop and send victims a form designed to collect information regarding the impact of crimes on victims.[32] Article 42.03 gives the victim a right to deliver personally a statement to the defendant and the court in the courtroom.[33] Neither statute purports to restrict a trial court's ability to

**25.** *See* Article 37.07, § 3(d); *Whitelaw v. State,* 29 S.W.3d 129, 133 (Tex.Crim.App. 2000).

**26.** *Jackson v. State,* 680 S.W.2d 809, 812–814 (Tex.Crim.App.1984).

**27.** *Id.* at 812 n. 3; *Whitelaw,* 29 S.W.3d at 133.

**28.** *Tamminen v. State,* 653 S.W.2d 799, 807 n. 6 (Tex.Crim.App.1983)(Onion, P.J. concurring and dissenting)(ellipses substituted for omitted citations; emphasis added).

**29.** *See* Article 56.03(b)(3)-(6), (8).

**30.** Article 42.03, § 1(b).

**31.** Article 42.03, § 1(b)(1)-(3).

**32.** *See* Article 56.03(a), (b).

**33.** *See* Article 42.03, § 1(b).

obtain information through other statutorily authorized methods.

These provisions could reflect upon the scope of a PSI *only* if they existed before, or were adopted along with, the relevant PSI provisions. Under those circumstances, they might constitute a relevant background against which to interpret the PSI statutes. But Articles 42.03 and 56.03 were adopted *after* the relevant PSI provisions. As discussed above, Article 37.07 was amended in 1981 to authorize the consideration of a PSI in determining punishment.[34] At the time the statute directed a PSI to contain "the circumstances of the offense, criminal record, social history and present condition of the defendant."[35] In 1983, the Legislature amended the statute to provide for the current broad language concerning the information to be included in a PSI, including the phrase "and any other information relating to the defendant or the offense."[36] Although this Court invalidated this portion of the statute as conflicting with legislation enacted that year, in 1985 the Legislature reenacted this portion of the statute along with an express statement that it intended to harmonize and give effect to the 1983 amendments and overrule our decision holding to the contrary.[37] For the purpose of ascertaining legislative intent, then, the relevant year of enactment for the PSI provisions was, at the latest, 1983. Article 56.03 was enacted in 1985[38] and Article 42.03, § 1(b) was enacted in 1991.[39] Because these statutes were enacted after the relevant PSI provisions, we find them to be inapposite in interpreting the meaning of the PSI statutes.

## 5. Conclusion

Because a victim's opinion regarding a defendant's suitability for probation falls within the scope and plain language of "any other information relating to the defendant or the offense," the PSI was authorized to contain that information, and no error has been shown.

The judgment of the Court of Appeals is affirmed.

JOHNSON, J. concurred.

---

34.  *See also Whitelaw*, 29 S.W.3d at 133.

35.  Article 42.12, § 4(a)(1981).

36.  Acts 1983, 68th Leg., ch. 343, § 1.

37.  *Whitelaw*, 29 S.W.3d at 133–134 (discussing *State ex. rel. Turner v. McDonald*, 676 S.W.2d 375 (Tex.Crim.App.1984) and Acts 1985, 69th Leg., Reg. Session, Ch. 427, § 1, p. 1535–1536 (amending Article 42.12 § 4) and § 4(b), p. 1555).

38.  Acts 1985, 69th Leg., ch. 588, § 1.

39.  Acts 1991, 72nd Leg., ch. 278, § 1.