In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-183 CR


____________________



WILLIAM CHARLES STEELE, Appellant



V.


 

THE STATE OF TEXAS, Appellee






On Appeal from the 1st District Court


Jasper County, Texas


Trial Court No. 9233JD






 MEMORANDUM OPINION


 Appellant William Charles Steele was indicted for aggravated sexual assault. The
State and Steele agreed to proceed on the lesser-included offense, and Steele pleaded guilty
to sexual assault. The trial court sentenced Steele to twenty years confinement in the
Institutional Division of the Texas Department of Criminal Justice and imposed a $10,000
fine. Steele appeals with two issues related to the sentencing hearing. The State concedes
error on the second issue. 

 In issue one, Steele says the trial court erred by admitting the victim's statement into
evidence during the punishment phase. A typed statement of the victim's recounting of the
events during the offense is contained in the pre-sentence investigation report ("PSI")
ordered by the trial court at the conclusion of the guilty plea hearing. Steele claims the
victim's statement was hearsay and should not have been admitted. Steele claims the trial
court's admission of the hearsay statement resulted in a violation of his Sixth Amendment
right to confront the witness. 

 Pursuant to statute, the PSI report may include the "circumstances of the offense
with which the defendant is charged, the amount of restitution necessary to adequately
compensate a victim of the offense, the criminal and social history of the defendant, and
any other information relating to the defendant or the offense requested by the judge." 
Tex. Code Crim. Proc. Ann. art. 42.12, § 9(a) (Vernon Supp. 2003). Article 37.07 
expressly authorizes, for general punishment assessment purposes, the trial judge's
consideration of a PSI report before sentencing. See Tex. Code Crim. Proc. Ann. art.
37.07, § 3(d) (Vernon Supp. 2003). The information from the victim falls within the
categories of "circumstances of the offense" and "any other information relating to the
defendant or the offense" and is properly included in the report. A trial court may
consider hearsay information in a PSI report. See Fryer v. State, 68 S.W.3d 628, 631
(Tex. Crim. App. 2002)(citing Brown v. State, 478 S.W.2d 550, 551 (Tex. Crim. App.
1972)). The information from the victim was properly included in the PSI report, and by
law the trial judge may consider its contents. Appellant objected to the contents of the PSI
report only on hearsay grounds. No objection on constitutional grounds was made; the
objection is waived. See Tex. R. App. P. 33.1(a); Judd v. State, 923 S.W.2d 135, 138-39
(Tex. App.--Fort Worth 1996, pet. ref'd) (Trial objection of hearsay is not same ground
as appellate claim of denial of right to confront witness; error is not preserved.). Issue one
is overruled.

 In issue two, Steele claims the trial court erred in entering a judgment finding him
guilty of aggravated sexual assault when the trial court accepted his plea of guilty to the
lesser-included offense of sexual assault, a second degree felony. See Tex. Pen. Code
Ann. §§ 12.33, 22.011(f) (Vernon 1994 & Supp. 2003). Steele asks us to reform the
judgment. The State concedes error. 

 An appellate court may reform a judgment resulting from a clerical error. See
Bigley v. State, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); Nicholas v. State, 56 S.W.3d
760, 767 (Tex. App.--Houston [14th Dist.] 2001, pet. ref'd). At the sentencing hearing,
the trial judge stated the offense was sexual assault, a second degree felony, and sentenced
Steele within the range for that offense. The written judgment correctly recites the
punishment meted out, but incorrectly recites the offense as being aggravated sexual
assault. We sustain Steele's second issue and reform the judgment to reflect a conviction
for sexual assault. See Tex. R. App. P. 43.2(b); Nicholas, 56 S.W.3d at 767. 

 AFFIRMED AS REFORMED.

 PER CURIAM


Submitted on January 8, 2003

Opinion Delivered January 15, 2003

Do Not Publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ.