ABREGO V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-461-CR

RICHARD ABREGO APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Richard Abrego was charged with the aggravated assault of his girlfriend, Lisa Latham.  Appellant pled guilty to the offense, and the jury assessed his punishment at six years’ confinement in the Texas Department of Corrections.  In his sole issue on appeal appellant asserts that the trial court erred at the punishment phase in admitting testimony of one of the State's witnesses.  We affirm.

Appellant and Latham lived together.  One evening Latham went with a friend to a bar.  Appellant called Latham while she was at the bar and asked her to meet him in the parking lot.  In the parking lot they began arguing, and appellant pulled out a switch blade knife and held it to Latham’s throat.  Her friend came out, grabbed appellant’s arm, and ordered appellant to leave.  The police arrested appellant later that night. 

At the punishment phase of the trial, the State called probation officer Vicky Kennedy to the stand.  She was a community supervision officer liason for the court where appellant's prior probated sentence was pending.  She testified that appellant had been on probation for driving while intoxicated since June 2001.  The State asked her to identify which probation rules appellant had followed and which ones he had failed to follow.  Kennedy said appellant completed a supportive outpatient program, a DWI course, and a victim impact panel.  Kennedy said appellant had not reported to the probation office in August 2001 or in June, July, August, September, or October 2002.  She also testified that appellant had made only three of his monthly payments, that he failed to provide sufficient verification of employment, and that this offense would constitute a violation of his probation also resulting in the pending motion to revoke probation.  
She noted that appellant had a misdemeanor offense pending in the same court as his DWI offense.  However, when the State asked her, in light of appellant's  non-reporting, whether she thought he would be a good candidate for probation, defense counsel objected stating, “Objection, that calls for conjecture.”  The court overruled the objection, noting that Kennedy had testified to being a probation officer for seventeen years.  Kennedy then testified that she did not believe appellant would be a good candidate for probation.  

Appellant claims that Kennedy's opinion was error necessitating a new trial on punishment.  Citing rule 602, appellant contends Kennedy should have had personal knowledge of appellant and the underlying facts upon which she based her opinion.  
Tex. R. Evid.
 602.  Alternatively, if her opinion was admitted by the court because it deemed her to be an expert witness under rule 702 of the rules of evidence, he contends there was no evidence to satisfy the rule.  
Tex. R. Evid
.
 702.  In response, the State contends the trial court’s admission of Kennedy’s testimony was proper under article 37.07, section 3(a)’s directives regarding the punishment phase of trial.  
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(a)(1) (Vernon Supp. 2003).  Article 37.07, section 3(a)(1) provides:

Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.   

Id.
  The State contends this provision, coupled with our deferential review, requires us to conclude that Kennedy’s opinion was admissible under this article and rule of evidence 602.  The State also argues that appellant failed to  preserve error because his objection at trial showed only an objection to Kennedy's “conjecture” and not inadmissibility under rule 701 or 702
.  
Tex. R. Evid
. 701, 702.

An objection preserves only the specific ground cited.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).  To the extent that appellant’s sole issue on appeal is based upon rule 702, it is overruled.  We turn to address appellant’s contention that the witness lacked personal knowledge sufficient to comply with rules 602 and 701 of the rules of evidence.  
Tex. R. Evid.
 602, 701.

Rule 602 provides, “A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.” 
 Tex. R. Evid.
 602
.  
Rule 701 says, "[i]f the witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue."  
Tex. R. Evid. 
701.

The testimony shows that Kennedy had been a probation officer for seventeen years, that she was the probation officer for county criminal court number seven, that appellant’s prior case and motion to revoke were pending in the court where she worked, that she maintains the court’s community supervision files, and that appellant was on community supervision at the time of trial.  She was able to identify the specifics of his misdemeanor community supervision as well as testify to exactly which conditions he had met and which ones he had violated.  Further, the question asked was very narrow; the State only asked if appellant's history of non-reporting and other probation violations would make appellant a good candidate for felony probation.  Because such lay witness testimony is rationally based on the perception of this witness and helpful to a determination of a fact in issue, we conclude it is in compliance with article 37.07(3)(a)(1) of the code of criminal procedure and rule of evidence 602.  
Tex. Code Crim. Proc. Ann.
 art. 
 37.07, § 3(
a
)(1); Tex. R. Evid. 
602; 
Turro
 
v. State
, 950 S.W.2d 390, 403 (Tex. App.—Fort Worth 1997, pet. ref'd); 
see also
 
Fryer v. State
, 68 S.W.3d 628, 633 (Tex. Crim. App. 2002) (holding victim’s opinion on probation admissible in PSI).  Thus, the trial court did not abuse its discretion in admitting Kennedy’s testimony regarding appellant's suitability for probation.  We overrule appellant’s sole issue.

Having overruled appellant’s sole issue on appeal, we affirm the judgment of the trial court. 

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  October 23, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.