COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-02-461-CR
 
RICHARD ABREGO                                                                APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        Appellant Richard Abrego was charged with the aggravated assault of his 
girlfriend, Lisa Latham. Appellant pled guilty to the offense, and the jury 
assessed his punishment at six years’ confinement in the Texas Department of 
Corrections. In his sole issue on appeal appellant asserts that the trial court 
erred at the punishment phase in admitting testimony of one of the State's 
witnesses. We affirm. 
        Appellant and Latham lived together. One evening Latham went with a 
friend to a bar. Appellant called Latham while she was at the bar and asked her 
to meet him in the parking lot. In the parking lot they began arguing, and 
appellant pulled out a switch blade knife and held it to Latham’s throat. Her 
friend came out, grabbed appellant’s arm, and ordered appellant to leave. The 
police arrested appellant later that night. 
        At the punishment phase of the trial, the State called probation officer 
Vicky Kennedy to the stand. She was a community supervision officer liason 
for the court where appellant's prior probated sentence was pending. She 
testified that appellant had been on probation for driving while intoxicated since 
June 2001. The State asked her to identify which probation rules appellant had 
followed and which ones he had failed to follow. Kennedy said appellant 
completed a supportive outpatient program, a DWI course, and a victim impact 
panel. Kennedy said appellant had not reported to the probation office in 
August 2001 or in June, July, August, September, or October 2002. She also 
testified that appellant had made only three of his monthly payments, that he 
failed to provide sufficient verification of employment, and that this offense 
would constitute a violation of his probation also resulting in the pending motion 
to revoke probation. She noted that appellant had a misdemeanor offense 
pending in the same court as his DWI offense. However, when the State asked 
her, in light of appellant's non-reporting, whether she thought he would be a 
good candidate for probation, defense counsel objected stating, “Objection, that 
calls for conjecture.” The court overruled the objection, noting that Kennedy 
had testified to being a probation officer for seventeen years. Kennedy then 
testified that she did not believe appellant would be a good candidate for 
probation. 
        Appellant claims that Kennedy's opinion was error necessitating a new 
trial on punishment. Citing rule 602, appellant contends Kennedy should have 
had personal knowledge of appellant and the underlying facts upon which she 
based her opinion. Tex. R. Evid. 602. Alternatively, if her opinion was admitted 
by the court because it deemed her to be an expert witness under rule 702 of 
the rules of evidence, he contends there was no evidence to satisfy the rule. 
Tex. R. Evid. 702. In response, the State contends the trial court’s admission 
of Kennedy’s testimony was proper under article 37.07, section 3(a)’s 
directives regarding the punishment phase of trial. Tex. Code Crim. Proc. Ann. 
art. 37.07, § 3(a)(1) (Vernon Supp. 2003). Article 37.07, section 3(a)(1) 
provides:
Regardless of the plea and whether the punishment be
assessed by the judge or the jury, evidence may be offered by the
state and the defendant as to any matter the court deems relevant
to sentencing, including but not limited to the prior criminal record
of the defendant, his general reputation, his character, an opinion
regarding his character, the circumstances of the offense for which
he is being tried, and, notwithstanding Rules 404 and 405, Texas
Rules of Evidence, any other evidence of an extraneous crime or
bad act that is shown beyond a reasonable doubt by evidence to
have been committed by the defendant or for which he could be
held criminally responsible, regardless of whether he has previously
been charged with or finally convicted of the crime or act. 

Id. The State contends this provision, coupled with our deferential review,
requires us to conclude that Kennedy’s opinion was admissible under this article
and rule of evidence 602. The State also argues that appellant failed to 
preserve error because his objection at trial showed only an objection to
Kennedy's “conjecture” and not inadmissibility under rule 701 or 702. Tex. R.
Evid. 701, 702.
        An objection preserves only the specific ground cited. Tex. R. App. P. 
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. 
on reh’g), cert. denied, 526 U.S. 1070 (1999). To the extent that appellant’s 
sole issue on appeal is based upon rule 702, it is overruled. We turn to address 
appellant’s contention that the witness lacked personal knowledge sufficient to 
comply with rules 602 and 701 of the rules of evidence. Tex. R. Evid. 602, 
701.
        Rule 602 provides, “A witness may not testify to a matter unless 
evidence is introduced sufficient to support a finding that the witness has 
personal knowledge of the matter.” Tex. R. Evid. 602. Rule 701 says, "[i]f the 
witness is not testifying as an expert, the witness's testimony in the form of 
opinions or inferences is limited to those opinions or inferences which are (a) 
rationally based on the perception of the witness and (b) helpful to a clear 
understanding of the witness' testimony or the determination of a fact in 
issue." Tex. R. Evid. 701. 
        The testimony shows that Kennedy had been a probation officer for 
seventeen years, that she was the probation officer for county criminal court 
number seven, that appellant’s prior case and motion to revoke were pending 
in the court where she worked, that she maintains the court’s community 
supervision files, and that appellant was on community supervision at the time 
of trial. She was able to identify the specifics of his misdemeanor community 
supervision as well as testify to exactly which conditions he had met and which 
ones he had violated. Further, the question asked was very narrow; the State 
only asked if appellant's history of non-reporting and other probation violations 
would make appellant a good candidate for felony probation. Because such lay 
witness testimony is rationally based on the perception of this witness and 
helpful to a determination of a fact in issue, we conclude it is in compliance 
with article 37.07(3)(a)(1) of the code of criminal procedure and rule of 
evidence 602. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1); Tex. R. Evid. 
602; Turro v. State, 950 S.W.2d 390, 403 (Tex. App.—Fort Worth 1997, pet. 
ref'd); see also Fryer v. State, 68 S.W.3d 628, 633 (Tex. Crim. App. 2002) 
(holding victim’s opinion on probation admissible in PSI). Thus, the trial court 
did not abuse its discretion in admitting Kennedy’s testimony regarding 
appellant's suitability for probation. We overrule appellant’s sole issue. 
        Having overruled appellant’s sole issue on appeal, we affirm the judgment 
of the trial court. 
 
                                                                  TERRIE LIVINGSTON 
                                                                  JUSTICE
 
PANEL B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ. 
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: October 23, 2003