NUMBER 13-03-137-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

DAVID VILLARREAL, JR.,                                                  Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 36th District Court
of San Patricio County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Rodriguez

         Appellant, David Villarreal, Jr., was tried before a jury and convicted of murder. 
The trial court assessed punishment at fifty years imprisonment in the Institutional
Division of the Texas Department of Criminal Justice. The trial court has certified that
this case “is not a plea-bargain case, and the defendant has the right of appeal.” See
Tex. R. App. P. 25.2(a)(2). By two issues, appellant contends: (1) the evidence is
factually insufficient to support a finding of guilt; and (2) he was denied due process
of law by reason of an unfair punishment hearing. We affirm.
I. FACTS
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. FACTUAL SUFFICIENCY
         By his first issue, appellant contends the evidence is factually insufficient to
sustain his conviction for murder.
A. Standard of Review
         In reviewing the factual sufficiency of the elements of the offense on which the
State carries the burden of proof, we impartially examine all of the evidence and set
aside the verdict only if “proof of guilt is so obviously weak as to undermine
confidence in the jury’s determination, or the proof of guilt, although adequate if taken
alone, is greatly outweighed by the contrary proof.” Swearingen v. State, 101 S.W.3d
89, 97 (Tex. Crim. App. 2003) (citing Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000)). We are also required to accord due deference to the jury’s
determinations on the weight and credibility of the evidence and may not merely
substitute our own judgment. Swearingen, 101 S.W.3d at 97; Johnson, 23 S.W.3d
at 7; see Mosley, 983 S.W.2d at 254 (questions concerning credibility of witnesses
and weight given their testimony are resolved by trier of fact).
         We measure the factual sufficiency of the evidence by the elements of the
offense as defined by a hypothetically correct jury charge for the case. See Adi v.
State, 94 S.W.3d 124, 131 (Tex. App.–Corpus Christi 2002, pet. ref’d). Such a
charge accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State’s burden of proof or unnecessarily restrict the State’s
theories of liability, and adequately describes the particular offense for which the
defendant is being tried. Id. (citing Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim.
App. 1997)). 
B. Analysis At trial, appellant testified on his own behalf regarding the events on the night
of the shooting. According to appellant, he was standing near his house when 
Christopher Burke, the deceased, drove up next to him and told a passenger in the car
to “blast” appellant. Appellant then noticed a person in the back seat pointing a rifle
at him. Appellant stated it was at that time that he fired his gun in self-defense. 
Appellant contends on appeal that because his testimony was not rebutted, the
evidence at trial was insufficient to support a guilty verdict. 
         Contrary to appellant’s testimony, however, was the testimony of three
witnesses that appellant did not act in self-defense. Joey Martinez testified that
appellant told him to invite Burke over to his house. Martinez observed Burke drive his
car to the front of appellant’s house and appellant walk up to the driver’s side of the
car. Martinez testified he then saw the flash of a gun on the driver’s side of the car. 
Phillip Maldonado’s testimony corroborated Martinez’s statements. Maldonado
testified that when Burke arrived at appellant’s house, appellant asked Maldonado, “Do
you dare me to hit him?” Appellant then walked up to Burke’s car and shot him with
a revolver. Burke’s brother, Randall Brown, testified that he was in the back seat of
Burke’s car when they arrived at appellant’s house. He stated that appellant
approached them as they sat in the car. Appellant asked Burke to identify the other
people sitting in the car with him, and just after Burke answered, appellant, without
any provocation, shot Burke with a revolver. 
         Considering all of the evidence and giving proper deference to the jury, we
cannot conclude that the “proof of guilt is so obviously weak as to undermine
confidence in the jury’s determination, or that the proof of guilt, although adequate if
taken alone, is greatly outweighed by the contrary proof.” See Swearingen, 101
S.W.3d at 97. Therefore, we conclude the evidence is factually sufficient to support
appellant’s conviction for murder. Appellant’s first issue is overruled.III. DUE PROCESS
         By his second issue, appellant contends he was denied due process because (1)
the trial court refused to allow appellant to make a statement in allocution,


 and (2) the
trial court took into consideration an allegation of gang affiliation contained in the pre-sentence investigation report without any factual basis.
         A review of the record reveals that appellant was given the opportunity to make
a statement in allocution but declined. At the sentencing hearing, the court informed
appellant that it was about to pronounce sentence and asked “Do you have anything
to say why it should not be assessed at this time?” Appellant answered “No, sir.” 
Since appellant was given the opportunity to allocute, we find he was not denied due
process. 
         Furthermore, the record does not show that the trial court took appellant’s
alleged gang affiliation into consideration when determining appellant’s sentence. 
Moreover, even had the trial court considered the statements, it would not be error as
a pre-sentence investigation report is authorized to contain “the criminal and social
history of the defendant, and any other information relating to the defendant or the
offense.” Tex. Code Crim. Proc. Ann. art. 42.12 § 9(a) (Vernon Supp. 2004); see
Fryer v. State, 68 S.W.3d 628, 633 (Tex. Crim. App. 2002) (finding no error where
trial court considered pre-sentence investigation report containing victim’s
recommendation that appellant not receive probation). The record does not support
appellant’s contention that he was denied due process. Appellant’s second issue is
overruled.
IV. CONCLUSION
         Accordingly, the judgment of the trial court is affirmed.                                                                                         
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 
filed this 1st day of July, 2004.