NO. 12-04-00165-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

DONNIE CARR,                                                §     APPEAL FROM THE 7TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,                                  §     SMITH COUNTY, TEXAS 
APPELLEE




MEMORANDUM OPINION
            Donnie Carr appeals his conviction for burglary of a habitation with intent to commit assault. 
After pleading guilty, the trial court sentenced him to eight years of imprisonment. In a single issue,
Appellant contends the trial court erred by considering inadmissible evidence at the sentencing
phase. We affirm.
Background
            Appellant pleaded guilty to the offense of burglary of a habitation with intent to commit
assault against Marsha McGhee, agreeing to allow the trial court to assess his punishment. At the
plea hearing, the trial court found the evidence sufficient to support a finding of guilt and ordered
a pre-sentence investigation (PSI) report to be prepared. At the sentencing hearing, Appellant
objected to the court’s consideration of a letter written by Kathaleen McGhee, the victim’s mother,
and signed by both Kathaleen and Marsha. The letter was addressed to the trial judge and included
in the PSI report. 
            In the letter, Kathaleen described her actions on the morning after the burglary, the damages
she found in her home, her understanding of what Appellant did in her home on the night of the
burglary, how she attempted to find her daughter, and the emotions she felt that day. Kathaleen also
explained that Appellant has been a very bad influence on her daughter during his eight-year “on and
off relationship” with Marsha. She claimed that Appellant disregarded a restraining order, harassed
and threatened Marsha, and even sent “inmates” to their home to deliver messages in the middle of
the night. Kathaleen also stated that Appellant assaulted Marsha and surmised that the assault
caused injury to Marsha’s unborn baby. She expressed resentment that Appellant, although healthy,
will not hold a job and instead “has lived off” Kathaleen and Marsha. Finally, Kathaleen expressed
her concern for her daughter’s welfare, stating that Appellant has ruined Marsha’s life.

Admissibility of the Letter
            In his sole issue, Appellant contends the trial court committed reversible error in allowing
the unsworn letter to be included in the PSI. He claims it is inadmissible and highly prejudicial. He
argues that the letter does not qualify as a victim impact statement under Texas Code of Criminal
Procedure article 56.03 because it was not given under oath, he was unable to cross-examine the
authors, and Kathaleen McGhee was not authorized by the statute to give a victim’s statement. He
also contends the letter was not admissible pursuant to Code of Criminal Procedure article 42.12,
section 9. 
            Appellant is correct that the letter does not meet the statutory requirements of a victim’s
impact statement. See Tex. Code Crim. Proc. Ann. art. 56.01, 56.03 (Vernon Supp. 2004-2005);
Gifford v. State, 980 S.W.2d 791, 793 (Tex. App.–Houston [14th Dist.] 1998, pet. ref’d). However,
this is inconsequential under the facts of this case. The statute dealing with the crime victim’s
impact statement has nothing to do with the requirements of a PSI. Fryer v. State, 68 S.W.3d 628,
632 (Tex. Crim. App. 2002).
            Article 42.12, section 9 of the Code of Criminal Procedure is entitled “Presentence
Investigations.” It provides that, before imposition of sentence by a judge in a felony case, the judge
shall direct a supervision officer to report in writing on the circumstances of the offense charged, the
amount of restitution necessary to compensate a victim, the criminal and social history of the
defendant, and any other information relating to the defendant or the offense requested by the judge. 
Tex. Code Crim. Proc. Ann. art. 42.12, § 9(a) (Vernon Supp. 2004-2005). As noted by the court
of criminal appeals, the statute is broadly worded and allows inclusion of any information relating
to the defendant or the offense. Fryer, 68 S.W.3d at 629. Article 37.07, section 3(d) of the Code
of Criminal Procedure provides for the trial court’s consideration of the report at the sentencing
phase of trial. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(d) (Vernon Supp. 2004-2005). 
Information contained in the PSI is not considered an uncontroverted truth. The defendant may, with
the court’s approval, introduce testimony or other information alleging a factual inaccuracy in the
report. Id. § 9(e). A defendant bears the burden of proving that the information contained in a
presentence investigation report was materially inaccurate and that the judge relied on inaccurate
information. Garcia v. State, 930 S.W.2d 621, 624 (Tex. App.–Tyler 1996, no pet.). Further, a PSI
may include hearsay information. Id. 
            In the letter, Kathaleen described some of the circumstances of the offense charged and
painted a troublesome picture of Appellant’s character. This is exactly the sort of information a trial
judge should be apprised of when assessing a defendant’s sentence. Because the information
included in the letter falls within the scope of article 42.12, section 9, the PSI could appropriately
contain the letter. Fryer, 68 S.W.3d at 633. Accordingly, the trial court correctly considered the
letter to determine the appropriate sentence. Id.; Garcia, 930 S.W.2d at 624. We overrule
Appellant’s sole issue.
Disposition
            We affirm the trial court’s judgment.
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice


Opinion delivered October 5, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.







(DO NOT PUBLISH)