Opinion issued June 1, 2006













In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00778-CR




NSIDIBE WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause No. 988399




MEMORANDUM OPINION
          Appellant, Nsidibe Willliams, was charged by indictment with aggravated
assault. On her plea of guilty without a plea bargain agreement, the trial court found
her guilty as charged and assessed punishment at confinement for three years. In her
sole point of error, she complains that she received ineffective assistance of counsel
at her pre-sentence investigation (P.S.I.) hearing because the record does not show
an express, voluntary, and knowing waiver of conflict-free counsel. We affirm. 
BACKGROUND
          Appellant was involved in a fight and stabbed the complainant, puncturing
complainant’s lung, kidney, and liver. Appellant and her fiancé, Jason Turner, were
both charged with aggravated assault and retained the same attorney to represent
them. On May 9, 2005, they both entered pleas of guilty without an agreed
recommendation as to punishment. They requested P.S.I. reports. Appellant
indicated to the investigator that she was not guilty, that she thought she was pleading
to probation, but that she did not want probation; she wanted her case dismissed. She
also said that she wanted a jury trial, but that her attorney had misled her into
pleading to a P.S.I. 
          On July 8, 2005, the trial court re-arraigned appellant and Turner. The court
questioned both extensively to determine the voluntariness of their pleas, and both
again entered guilty pleas. The trial court held the punishment hearing on August 5. 
At that hearing, appellant’s counsel introduced into evidence, as Defense 1, a
handwritten statement by appellant as follows: 


AGREEMENT
 
I Nisidibe Williams affirm that I have no opposition to the State
reducing Jason Turner’s case to a misdemeanor. I understand that there
is a conflict of interest due to the fact that he is represented by my
counsel. I have previously signed a conflict of interest form and I
understand that the reduction to a misdemeanor is not the result of any
testimony Jason Turner has given against me, but the result of the
State’s review of his file. 
                    Signed the 5th day of August, 2005.

                                                          /s/ 
                                                   Nisidibe Williams

          Appellant’s counsel questioned her on the record about whether she had any
opposition to the State’s voluntarily reducing Turner’s case to a misdemeanor, 
whether she understood that she had previously signed a conflict of interest waiver
regarding his representation of both appellant and Turner, and whether she
understood that the reduction in Turner’s charge was not a result of his testimony, but
was just the State’s position at that time. Appellant responded to counsel’s question
in the affirmative. She acknowledged that she had signed Defense 1 and that she was
asking the court to go forward with her case. 
DISCUSSION
Standard of Review
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052
(1984). Appellant must show that (1) counsel’s performance was so deficient that he
was not functioning as acceptable counsel under the sixth amendment, and (2) but for
counsel’s error, there is a reasonable probability that the result of the proceedings
would have been different. Strickland, 466 U.S. at 687, 694, 104 S. Ct. at 2064,
2068; Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez v.
State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986); Gamble v. State, 916 S.W.2d 92,
93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). 
          When an appellant asserts that her trial attorney gave ineffective assistance
because of a conflict of interest, she must show that counsel had an actual conflict of
interest and that the conflict had an adverse effect on specific instances of counsel’s
performance. Monreal v. State, 947 S.W.2d 559, 564 (Tex. Crim. App. 1997) (citing
Cuyler v. Sullivan, 446 U.S. 335, 348–350, 100 S. Ct. 1708, 1718–1719 (1980)). If
an appellant makes such a showing, the court of appeals reviews the claim in
accordance with Cuyler. Id. However, if there is no actual conflict of interest, the
claim is reviewed under the Strickland standard. Id. at 565. 
          In this case, appellant has shown no actual conflict of interest. Contrary to
appellant’s assertion, the record shows an express, voluntary, and knowing waiver of
any conflict counsel may have had in representing both appellant and her fiancé. 
Appellant was questioned on the record regarding any potential for counsel’s conflict
of interest. Her handwritten statement that she had previously signed a conflict-of-interest form and did not object to the reduction in Turner’s charge was admitted into
evidence. In her statement, she also said that she understood that the reduction in
Turner’s charge from a felony to a misdemeanor was not due to testimony against her.
          Appellant does not direct us to any evidence in the record to support her
contention that “the record suggests the State reduced [Turner’s] case to a
misdemeanor in exchange for the appellant’s plea of guilty.” Our review of the
record indicates that the reduction of Turner’s charge to a misdemeanor was a result
of the State’s review of Turner’s file. 
          The record does not reflect any actual conflict of interest. There is no evidence
that Turner stood to gain by any evidence or arguments counsel might have made that
would be damaging to appellant’s case or that counsel was required to make a choice
to advance one co-defendant’s interests to the detriment of the other. See Gonzales
v. State, 605 S.W.2d 278, 282 (Tex. Crim. App. 1980) (holding that actual and
significant conflict of interest exists if one defendant stands to gain by evidence or
arguments adduced by counsel damage cause of co-defendant represented by same
counsel). 
          We hold that, because there is no evidence of an actual conflict of interest
between appellant and counsel, we review appellant’s claim under the Strickland
standard. We further hold that, because appellant has not shown that counsel’s
performance was so deficient that he was not functioning as acceptable counsel under
the sixth amendment, she has not met the first prong of the Strickland test. 
Additional Complaints
          Without setting out a separate point of error, appellant argues that her counsel
was ineffective in two other respects. First, she asserts that he did not object to that
portion of the P.S.I. report that contained a victim impact statement. That statement
was made by the complainant’s mother, who stated that she was opposed to a
probated sentence and would like to see appellant receive the maximum sentence, that
her daughter had suffered surgery and a lot of pain due to the stab wound, and that
she had incurred $2,555 in medical bills. 
          The statute that allows P.S.I reports is broadly worded and allows the inclusion
of any information relating to the defendant or the offense, including the victim’s
opinion regarding probation for the defendant. Fryer v. State, 68 S.W.3d 628, 629
(Tex. Crim. App. 2002); see also Tex. Code Crim. Proc. Ann. art. 42.12, § 9(a)
(Vernon Supp. 2005). Counsel was not ineffective for failing to object to the victim
impact statement in the P.S.I report. 
          Appellant also complains that counsel was ineffective for failing to offer
evidence to prove appellant’s eligibility for community supervision during the
sentencing hearing. However, the record reflects that counsel proved appellant’s
eligibility for community supervision during the hearing on July 8, 2005, after which
the court continued the hearing to a later date for the purpose of sentencing. 
Appellant’s complaint is without merit.
          Appellant has not carried her burden to prove ineffective assistance of counsel. 
See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. 
Accordingly, we overrule appellant’s point of error and affirm the judgment.
 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).