Affirmed and Memorandum Opinion filed May 31, 2007








Affirmed and Memorandum
Opinion filed May 31, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01129-CR

____________

 

KATAYA TAMARA KITZMAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 183rd
District Court

Harris County, Texas

Trial Court Cause No. 1052074

 



 

M E M O R A N D U M    O P I N I O N

Appellant Kataya Tamara Kitzman pleaded guilty to murder
and was sentenced to thirty-five years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  She appeals
her sentence on the ground that the trial court improperly considered victim
impact letters that were included in her pre-sentence investigation report. 
The State responds that appellant waived error by failing to specifically
object.  We agree and affirm the judgment.








I.  Factual and Procedural Background

Appellant Kataya Tamara Kitzman pleaded guilty to the
January 1, 2006 murder of Mark Eppely, and the trial court ordered the
preparation of a pre-sentence investigation report (APSI@).  The PSI
included a section labeled ALETTERS SUBMITTED ON BEHALF OF THE VICTIM.@  This section of
the PSI contained letters by the victim=s mother, father,
ex-wife, five-year-old son, sister, cousin, and three aunts.  It also contained
an email from the victim=s mother to the pre-sentence
investigator.  

At the pre-sentence investigation hearing, appellant
objected as follows:

Particularly, your Honor, letters
submitted on behalf of the victim.  Under theCour punishment
scheme with respect to victim impact.  Those are usually given in trial or in
the punishment phase of any hearing by first degree family members such as the
parent or child as it relates to the impact of the crime on that individual or
family members.  In this report, it=s the first I=ve ever seen where
there are more distant family members.  There are letters addressed to the
decedent himself.  All of that is improper victim impact.  There=s no way we could
ever recover from that kind of blind side because it=s literally
weighing the value of the decedent against the person who killed them [sic].
And that=s just wholly
improper under any punishment scheme and I know the Court has read that and I=m trying to ask
you, if you can, unring the bell on the improper victim impact statements that
you did review.  And at this point I=m objecting to that
being admitted into the record and I=m asking the Court
if the Court can set that aside and make her ruling based on the law regarding
what is admissible victim impact statements.

The trial court responded, AAnd the answer
would be, yes, and your request will be denied.@  Appellant was
sentenced, and this appeal ensued. 

II.  Issue
Presented

In a single issue, appellant contends that the trial court
considered improper victim impact statements contained in the PSI.

 








III.  Analysis

To present a claim for appellate review, it is a
prerequisite that a complaint stating the specific grounds for the objection be
made in the trial court.  Tex. R. App.
P. 33.1(a).  The trial court is not required to sort through challenged
evidence to segregate the admissible from the inadmissible.  Ross v. State,
154 S.W.3d 804, 813 (Tex. App.CHouston [14th Dist.] 2004, pet. ref=d).  Here, the PSI
contained nine Aletters on behalf of the victim@ and appellant
does not dispute that some of the letters are admissible.  Thus, appellant was
required to specifically identify the material deemed objectionable.  Brown
v. State, 692 S.W.2d 497, 501 (Tex. Crim. App. 1985) (en banc) (holding
that the appellant failed to preserve error regarding a Apen packet@ offered into
evidence during the punishment phase of trial when appellant=s attorney stated,
AWe object to each
and every reference in the exhibit to probation and ask the court to strike the
same out.@).  Because appellant=s objection fails
to identify the challenged letters, the objection has not been preserved.








Moreover, had error been preserved, the trial court
nevertheless properly overruled appellant=s objection. 
Article 42.12, section 9 of the Code of Criminal Procedure provides that,
before imposition of sentence by a judge in a felony case, the judge shall
direct an officer to prepare a PSI on the circumstances of the offense charged,
the amount of restitution necessary to compensate a victim, the criminal and
social history of the defendant, and any other information relating to the
defendant or the offense requested by the judge.[1] 
Tex. Code Crim. Proc. Ann. art.
42.12(9) (Vernon Supp. 2006)  The statute is broadly worded and allows
inclusion of any information relating to the defendant or the offense.  Fryer
v. State, 68 S.W.3d 628, 629 (Tex. Crim. App. 2002).  Article 37.07,
section 3(d) of the Code of Criminal Procedure allows the trial court to
consider the report at the sentencing phase of trial.  Tex. Code Crim. Proc. Ann. art. 37.07 ' 3(d) (Vernon
2006).  

In contrast, written victim impact statements, including
statements by close relatives of a deceased victim, are governed by article
56.03 of the Code of Criminal Procedure.  Id. art. 56.03.  In addition,
article 42.03 ' 1(b) requires the trial court to permit a close
relative of a deceased victim to present a live, post-sentencing statement of Athe person=s views about the
offense, the defendant, and the effect of the offense on the victim.@  But as the Court
of Criminal Appeals has explicitly stated, Aneither of these
statutes purports to restrict the information contained in a PSI; in fact they
have nothing to do with a PSI.@  Fryer, 68 S.W.3d at 632.  Thus,
the PSI=s inclusion of
letters from more distant relatives and letters directly addressing the
deceased victim is not objectionable solely on the ground that the statements do
not conform to the requirements of statutes governing victim impact statements.[2]

We overrule appellant=s sole issue and
affirm the judgment of the trial court.

 

 

 

 

/s/      Eva M. Guzman

Justice

 

Judgment rendered
and Memorandum Opinion filed May 31, 2007.

Panel consists of
Justices Hudson, Guzman, and Price*

Do Not Publish C Tex. R. App. P. 47

*  Former Justice Frank C. Price sitting
by assignment.









[1]  Although appellant also contends that the trial
court did not request Aany other information relating to the defendant or the
offense,@ the trial court=s
request for a PSI is not in the record.  Thus, there is no basis on which we
can conclude that the letters exceeded the trial court=s request.





[2]  Appellant points to nothing in the record indicating
that the trial court relied on any particular correspondence in the PSI in
reaching its sentencing decision.  In light of the trial court=s response to the objection, it is not clear that this
material was even considered.