In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00012-CR




FRANCOIS JOE DESANGES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 1109798


 



MEMORANDUM OPINION

          Appellant, Francois Joe Desanges, entered a plea of guilty to the felony offense
of aggravated robbery without an agreed punishment recommendation. See Tex. Pen.
Code Ann. § 29.03 (Vernon 2003). The trial court conducted a pre-sentence
investigation (“PSI”) hearing and, after the hearing, assessed punishment at 25 years’
imprisonment. In his sole issue on appeal, appellant contends that the trial court erred
in denying his motion to delete reference to certain extraneous offenses from the PSI
report and in admitting testimony with respect to those offenses. We affirm. 
BackgroundA grand jury indicted appellant for aggravated robbery. The trial court’s initial
discovery order required the State to “give notice” of all extraneous offenses “which
may be admissible against [appellant] in the State’s case-in-chief .” A few days later,
appellant filed a handwritten motion for discovery. The trial court signed a second
discovery order requiring the State to furnish for inspection “[a]ll extraneous
offenses, listing time, place, and complainant, which may be admissible against the
defendant.” The second order further stated that “the Defense should exercise
reasonable diligence to contact the State’s attorney and arrange a mutually convenient
time” for the inspection. The State filed a written notice of its intent to introduce at
trial a 2006 conviction for possession of a controlled substance. The notice did not
mention any other offenses or convictions. 
          Appellant waived his right to a jury trial and entered a plea of guilty without
a plea agreement. The trial court accepted appellant’s guilty plea and ordered a PSI
hearing pursuant to article 42.12 of the Texas Code of Criminal Procedure. See Tex.
Code Crim. Proc. Ann. art. 42.12, § 9 (Vernon Supp. 2008). Appellant filed a
motion to delete five unadjudicated extraneous offenses from the PSI report, arguing
that the State failed to give proper notice of its intent to use those extraneous
offenses. The trial court denied the motion. At the PSI hearing, a State witness,
Humberto Alejos, testified as to the facts of one of the unadjudicated extraneous
offenses listed in the PSI report. Following the hearing, the trial court assessed
appellant’s punishment at 25 years’ imprisonment. 
Extraneous Offenses
          In his sole issue on appeal, appellant contends that the trial court erred in
denying his motion to delete extraneous offenses from the PSI report and in admitting
the testimony of Alejos because the State did not provide appellant with notice of its
intent to offer such evidence at punishment.



PSI Report
          Appellant contends that the State was required to give notice of its intent to use
extraneous offense evidence contained in the PSI report under article 37.07, section
3(g) of the Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 37.07,
§ 3(g).


 We disagree.
          The State was not required to give article 37.07 notice. As the San Antonio
Court of Appeals has noted, “the Rules of Evidence do not apply to a PSI report.” See
Lathrop v. State, No. 04-04-00156-CR, 2005 WL 49480, at *3 (Tex. App.—San
Antonio Jan. 12, 2005, pet. ref’d) (mem. op., not designated for publication) (citing
Fryer v. State, 68 S.W.3d 628, 631 (Tex. Crim. App. 2002)). Hence, “a trial court may
consider evidence included in [a] PSI that could not have been otherwise introduced
at the punishment stage. . . .” Id. Employing this reasoning, the San Antonio court
held that a trial court did not err in considering extraneous offense evidence contained
in a PSI report despite the fact that the State did not provide the defendant with article
37.07 notice. Id. at *2-3.


 We agree with the reasoning of Lathrop v. State and hold
that the trial court did not err in denying appellant’s motion to delete the extraneous
offenses from the PSI report and admitting the testimony of Alejos.
Conclusion
          We overrule appellant’s sole point of error and affirm the judgment of the trial
court.
          

                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Jennings, Hanks, and Bland.
Do not publish. Tex. R. App. P. 47.2(b).