# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00573-CR

Lionel Edwin Snow, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
NO. 69572, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Lionel Edwin Snow guilty of two counts of aggravated sexual assault. *See* Tex. Penal Code § 22.021. Snow pleaded "true" to an enhancement allegation, and the trial court sentenced him to forty-five years' imprisonment for each count. On appeal, Snow asserts that the evidence is insufficient to support the trial court's judgment requiring him to pay restitution for the cost of a sexual assault exam performed on the victim. We affirm the judgment of the trial court.

## DISCUSSION

Snow asserts that the trial court erred in ordering him to pay restitution for the cost of performing a sexual assault exam on the victim the morning after the sexual assault.[1]

---

[1] Given that Snow does not challenge his underlying conviction or sentence, we need not recite the facts of the underlying sexual assault.

Specifically, Snow asserts that there is no competent evidence in the record to support the trial court's finding that the exam cost $615.00. Therefore, according to Snow, that portion of the restitution order should be deleted from the judgment.

We review a trial court's restitution order for an abuse of discretion. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. 1980). A trial court abuses its discretion if its decision lies outside the zone of reasonable disagreement. *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). "The amount of the restitution must be just, and it must have a factual basis within the loss of the victim." *Campbell v. State*, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999). The restitution may also include an amount to compensate the Texas "victims of crime fund . . . to the extent that fund has paid compensation to or on behalf of the victim." *See* Tex. Code Crim. Proc. art. 42.037(a).

Snow asserts that the only basis for the trial court's valuation of the cost of the sexual assault exam was the presentence-investigation report (PSI). *See id.* art. 37.07, § 3(d) (authorizing court to request, prior to punishment determination, preparation of PSI). Snow argues that because the PSI was never offered or formally admitted as an exhibit, it cannot constitute a factual basis for the cost of the sexual assault exam.[2] Thus, according to Snow, there is no evidence in the record which can support the trial court's restitution order.

---

[2] Snow also argues that the PSI is not part of the appellate record, and therefore should not be considered by this Court. However, at the State's request, the trial court supplemented the appellate record to include the PSI, and thus the PSI is properly before us. *See Brewer v. State*, No. 1270-03, 2004 WL 3093224, at *4 n.33 (Tex. Crim. App. May 19, 2004) (mem. op., not designated for publication) (noting that trial court or party may supplement appellate record with PSI); *Rodriguez v. State*, 71 S.W.3d 778, 780 (Tex. App.—Texarkana 2002, no pet.) ("There is no question of our authority in this case to order the record supplemented with the PSI report.").

2

It is well established that a trial court may consider the contents of a PSI regardless of whether the report was formally admitted into evidence. *See Smith v. State*, 227 S.W.3d 753, 758–59 (Tex. Crim. App. 2007) (noting court could consider un-admitted PSI in determining punishment); *Fryer v. State*, 68 S.W.3d 628, 631 (Tex. Crim. App. 2002). Furthermore, "the rules of evidence do not apply to the contents of the PSI." *Fryer*, 68 S.W.3d at 631. Therefore, the trial court may consider the information contained within the PSI regardless of whether the information would otherwise violate rules concerning hearsay, admissibility of expert opinion, or Confrontation Clause objections. *See Stringer v. State*, 309 S.W.3d 42, 46–48 (Tex. Crim. App. 2010). Thus, the trial court could properly consider the PSI in this case in determining the proper amount of restitution.

Under the heading "Total Restitution," the PSI in this case states that $615.00 is owed to the "Office of the Attorney General—Crime Victims' Compensation" for the cost of a sexual assault exam. Snow's trial counsel was given a copy of this PSI prior to the punishment hearing, and when the trial court asked defense counsel if he wished to make any objections or corrections to the report, Snow's counsel responded "No, Judge, there are none." *See* Tex. Code Crim. Proc. art. 42.12, § 9(d)–(e) (allowing defendant opportunity to review and challenge contents of PSI). Snow did not challenge the validity of the amount of restitution in the PSI, and thus the trial court could have reasonably concluded that the information in the PSI was accurate. *See Bell v. State*, 155 S.W.3d 635, 639 (Tex. App.—Texarkana 2005, no pet.) (noting it is defendant's burden to prove information in PSI is inaccurate).

Given that the PSI provides a factual basis from which the trial court could have determined the amount owed to the victims of crime fund for the sexual assault exam, we conclude

that the there is sufficient evidence to support the trial court's order requiring Snow to pay $615.00 in restitution to the fund. *See* Tex. Code Crim. Proc. art. 42.037(a) (stating restitution can include reimbursement to victims of crime fund). Therefore, we overrule Snow's sole issue on appeal.

## CONCLUSION

Having overruled Snow's sole issue on appeal, we affirm the trial court's judgment of conviction.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed

Filed:   July 10, 2014

Do Not Publish