**Gary David STEVENS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–07–00291–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 27, 2009.

Rehearing Overruled March 19, 2009.

John J. Davis, Angleton, for appellant.

David P. Bosserman, Angleton, for state.

Panel consists of Justices FROST, SEYMORE, and GUZMAN.

## OPINION

KEM THOMPSON FROST, Justice.

Appellant Gary David Stevens appeals his convictions on three counts of aggravated sexual assault of a child, claiming the trial court erred in (1) failing to properly admonish appellant under article 26.13 of the Texas Code of Criminal Procedure when appellant pleaded guilty, and (2) denying appellant's motion for mistrial on the basis that four jurors heard a cell phone conversation in which appellant's aunt demeaned a State's witness. Because the

record is silent as to appellant's citizenship status and because appellant was not admonished of the possibility of deportation in pleading guilty, we reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged with three counts of aggravated sexual assault of a child. At a hearing on the day before trial, appellant testified to his intention to plead guilty, and he elected to have the jury assess punishment. At this hearing, in response to the trial judge's questions, appellant indicated that his trial counsel had informed him of both the range of punishment and the finality of the jury's determination of punishment. After voir dire on the following day, appellant pleaded guilty to the charges.

In pleading guilty, appellant indicated an understanding that his trial counsel and the State may put on evidence despite his "guilty" pleas. The State presented testimony from the complainant, who is appellant's fourteen-year-old former stepdaughter, and the complainant's mother, among others. Appellant testified on his own behalf and admitted his guilt in the charged conduct.

Before the end of the guilt-innocence phase, the trial judge questioned four jurors as to whether or not they overheard a cell-phone conversation of appellant's aunt that demeaned the complainant's mother. The trial court admonished each of the four jurors to consider only the evidence presented at trial, and each juror agreed. Appellant moved for a mistrial, which the trial court denied.

As instructed by the judge, the jury found appellant guilty as charged. The jury assessed a fine and punishment at sixty years' confinement for each count.

## II. ISSUES AND ANALYSIS

■ In his first issue, appellant claims his "guilty" pleas were involuntary because the trial court failed to admonish him as to the range of punishment. Under this issue, appellant also complains of the trial court's failure to give other admonishments as required by article 26.13(a) of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13(a) (Vernon Supp.2008). Appellant complains that the trial court failed to give the admonishments contained in article 26.13(a)(4) regarding possible deportation.[1]

■ Article 26.13(a) of the Code of Criminal Procedure sets out certain admonishments to be given to a defendant prior to the trial court's acceptance of a "guilty" plea. TEX.CODE CRIM. PROC. ANN. art. 26.13(a) (Vernon Supp.2008). Article 26.13(a)(1) provides that prior to accepting a plea of guilty or nolo contendere, the trial court must admonish the defendant regarding the range of punishment for the charged offense, the potential effects of a

1. We conclude that appellant has assigned error regarding his complaint that the trial court failed to comply with article 26.13(a)(4). *See* TEX.R.APP. P. 38.1(e) (stating "The brief must state concisely all issues or points presented for review. The statement of an issue or point will be treated as covering every subsidiary question that is fairly included."). Appellant has cited and quoted the reporter's record, which reflects that the trial court did not admonish appellant as required by article 26.13(a)(4) of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(4). Appellant has complained of this failure to admonish in his appellate brief. In addition, appellant does not have any burden to prove that this failure to admonish was harmful. *See Vannortrick v. State*, 227 S.W.3d 706, 709 (Tex.Crim.App.2007). We conclude appellant has sufficiently briefed this argument. *See* TEX.R.APP. P. 38.1(h) (stating that "[t]he brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").

plea bargain agreement, and the requirement to register with the state as a sex offender. *Id.; see Kelley v. State*, 237 S.W.3d 906, 907–08 (Tex.App.-Houston [14th Dist.] 2007, pet. ref'd). The trial court also must admonish the defendant of "the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law." TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(4). Under article 26.13(c), in admonishing the defendant, "substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonitions of the court." TEX. CODE CRIM. PROC. ANN. art. 26.13(c).

The record shows that at the hearing and in response to his trial counsel's questions, appellant testified that he understood the possible penalty range for the charged offenses was from five to ninety-nine years or life with eligibility for probation. In response to the trial court's questions, appellant testified that his trial counsel informed him as to the range of punishment and he still intended to plead guilty. During voir dire, in appellant's presence, the trial judge read the punishment range to the jury, and appellant's trial counsel similarly informed the jury as to the same punishment range.

After voir dire, appellant pleaded guilty to the allegations for each of the three counts in the indictment. However, prior to accepting appellant's plea, the trial judge did not admonish appellant as to the punishment range, the sex-offender registry requirement, or the possibility of deportation as required under article 26.13. The record reflects that after the trial court accepted appellant's pleas, outside of the jury's presence, the trial court found appellant to be sane. The trial court also found that appellant had been properly admonished by law of the consequences of his pleas. The trial judge questioned appellant as to whether appellant still intended, after fully understanding the matters previously stated, to enter a "guilty" plea for each of the three counts. Appellant agreed. A trial court errs, as in this case, when it does not substantially comply with article 26.13(a). *See Anderson v. State*, 182 S.W.3d 914, 918–19 (Tex.Crim.App. 2006); *Aguirre–Mata v. State*, 992 S.W.2d 495, 499 (Tex.Crim.App.1999); *Carranza v. State*, 980 S.W.2d 653, 656 (Tex.Crim.App. 1998); *see also* TEX.CODE CRIM. PROC. ANN. art. 26.13(c).

A violation of article 26.13 falls within the non-constitutional harm analysis of Texas Rule of Appellate Procedure 44.2(b). *Anderson*, 182 S.W.3d at 918–19. In applying this rule to the failure to give an admonition, the reviewing court must reverse unless, considering the record as a whole, the reviewing court has fair assurance that the defendant's decision to plead "guilty" would not have changed had the court properly admonished him. *Id.* at 919.

The record contains multiple references to the correct punishment range, which were each made in appellant's presence before he entered the pleas and appellant, himself, testified to understanding the range at the pre-trial hearing. *See Aguirre–Mata v. State*, 125 S.W.3d 473, 476–77 (Tex.Crim.App.2003). There is nothing in the record that shows appellant was unaware of the consequences of his pleas with respect to the possible punishment range or that he was misled or harmed by the trial court's failure to admonish him regarding the range of punishment. *See id.* Therefore, the trial court's error in failing to admonish appellant re-

garding the range of punishment is harmless.

■ However, the record in this case shows that the trial court also failed to admonish appellant regarding the possible deportation consequences of his pleas. *See Vannortrick v. State,* 227 S.W.3d 706, 708 (Tex.Crim.App.2007). In this context, if the record shows that appellant is a United States citizen, the trial court's failure to admonish him regarding the immigration consequences of his guilty pleas is harmless error. *Id.* at 709. If the record shows that appellant was not a citizen at the time of his "guilty" pleas, the trial court's error in failing to give him the immigration admonition is harmful. *See id.* In addition, the Court of Criminal Appeals recently held that, if the record is silent as to appellant's citizenship or if the record is insufficient to determine appellant's citizenship, the trial court's error in failing to give him the immigration admonition is harmful. *See id.* at 714.

In the instant case, the record is silent regarding appellant's citizenship and immigration status. *See id.* at 710–13. When the record is silent, as in this case, as to the consequences of appellant's pleas regarding deportation, a reviewing court must infer that the defendant did not know the consequences of his "guilty" pleas and therefore, the error is harmful. *See id.* at 710–14. Accordingly, we sustain appellant's first issue.[2] We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

---

2. Because we sustain appellant's first issue on this ground, we do not reach the merits of appellant's arguments in which he claims harm from the trial court's failure to admonish him as to the sex-offender registry requirement or the trial court's alleged failure to inquire of appellant's mental capacity in making his pleas. In addition, because we have sustained appellant's first issue, we need not and do not address appellant's second issue.