Reversed and Remanded and Memorandum Opinion filed July 21,
2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-01047-CR



Abderrahim
Elmaghraoui, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 351st District Court

Harris County, Texas

Trial Court
Cause No. 1118828



 

MEMORANDUM OPINION

            Abderrahim
Elmaghraoui pleaded guilty before a jury to the murder of his wife, Amina
Fettach.  After hearing evidence, the jury made a negative finding to the
special issue of sudden passion and assessed punishment at seventy-five years’
imprisonment.  On appeal, appellant contends the evidence is factually
insufficient to support the jury’s finding that he did not cause Fettach’s
death under the influence of sudden passion.  Appellant also contends his
guilty plea was involuntary because the trial court failed to admonish him
concerning the range of punishment and the deportation consequences of his plea. 
After reviewing the record, we agree that the trial court erred in failing to
give the required admonishment concerning deportation consequences and that the
error was harmful.  We reverse the trial court’s judgment and remand for
further proceedings.

I

            Appellant
and Fettach were married and moved to the United States from Morocco in 2003
with their son.  On May 29, 2007, appellant stabbed Fettach with a knife
seventeen times, killing her.  Appellant was indicted for murder.  

            After
the jury was selected for his trial, appellant decided to plead “guilty” to the
offense and elected to have the jury assess punishment.  Before the start of
the trial, outside the presence of the jury, the trial court asked appellant
several questions to determine whether appellant’s plea was voluntary.  But the
trial court did not admonish appellant concerning the range of punishment or that,
if appellant is not a United States citizen, a guilty plea may result in
deportation, exclusion from admission to the United States, or the denial of
naturalization under federal law.  

II

A

            Before
accepting a plea of guilty or a plea of nolo contendere, the court is required
to admonish the defendant of certain facts, including that
if the defendant is not a citizen of the United States, a plea of guilty or
nolo contendere for the offense charged may result in deportation,
exclusion from admission to this country, or the
denial of naturalization under federal law.  Tex. Code Crim. Proc. art. 26.13(a)(4).
 The trial court’s failure to
admonish a defendant as required by article 26.13
is a statutory error rather than a constitutional error.  Fakeye v. State, 227 S.W.3d 714, 716 (Tex. Crim. App. 2007).
 Accordingly, the error must be disregarded unless it affects the defendant’s
substantial rights.  Tex. R. App. P. 44.2(b).
 

            The
Court of Criminal Appeals has instructed that the question to decide in
applying Rule 44.2(b) to the failure to give an admonition is, considering the
record as a whole, “do we have a fair assurance that the defendant’s decision
to plead guilty would not have changed had the court properly admonished him?”  Anderson
v. State, 182 S.W.3d 914, 919 (Tex. Crim. App. 2006).  In determining
whether the trial court’s failure to admonish the appellant affected his
substantial rights, we conduct an independent examination of the record as a
whole.  VanNortrick v. State, 227 S.W.3d 706, 709 (Tex. Crim. App. 2007). 
Neither party has the burden to prove harm or harmlessness.  Id.  We consider
the following relevant issues: (1) whether the appellant knew the consequences
of his plea; (2) the strength of the evidence of the appellant’s guilt, and (3)
the appellant’s citizenship and immigration status.  Id. at 712.  

B

            We
first examine the record for any indication that appellant already knew the
deportation and immigration consequences of his plea.  See id.  The
Court of Criminal Appeals has noted that a trial court’s failure to admonish a
non-citizen defendant concerning the consequences of his plea would have far
less impact on his decision to plead guilty if he were already aware of the
particular consequences.  Gutierrez-Gomez v. State, 321 S.W.3d 679, 681–82
(Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing Anderson, 182
S.W.3d at 920).  

            The
State concedes there is no direct evidence appellant was already aware of the
deportation and immigration consequences of his plea.  But the State suggests
that we may reasonably infer that appellant was aware of the consequences
because he “asked the State to contact his consulate, had four different
lawyers in the process of this case, and apprised the trial judge that he had
discussed the guilty plea with his attorney.”  We disagree.  At most, this evidence suggests that appellant was a
non-citizen at the time of his arrest and that he had privileged communications
with counsel; it does not support an inference that appellant was aware
that if he pleaded guilty he could be deported, excluded
from admission to this country, or denied naturalization.  When the
record is silent regarding the consequences of conviction in the context of a
guilty plea, the court must infer that the defendant did not know the
consequences of his plea.  See VanNortrick,
227 S.W.3d at 711–12; see also Song Sun Hwang v. State, 130 S.W.3d 496, 500–501
(Tex. App.—Dallas 2004, pet. ref’d) (holding record insufficient to support
inference appellant knew consequences of his plea when record “contains opaque
references to deportation but . . . is silent about whether appellant was
actually informed that a guilty plea could result in his deportation”). 

            The
State also argues that the evidence of appellant’s guilt is so strong that we
should conclude that “this is the rare case when the deportation admonishment
would not have changed appellant’s decision to plead guilty.”  The State
asserts that appellant pleaded guilty voluntarily with the advice of his
counsel because he killed his wife, and the only real issue in the case was
punishment.  But the Court of Criminal Appeals has rejected this argument in
another case involving a guilty plea.  In VanNortrick v. State, the
appellant pleaded guilty to the felony offense of aggravated sexual assault of
a child under the age of fourteen.  227 S.W.3d at 707.  While acknowledging
that the evidence of the appellant’s guilt was strong, the VanNortrick
court nevertheless held that, when the record does not support an inference
that the appellant was aware of the immigration consequences of his plea, “the
strength or weakness of the evidence against the appellant makes little
difference to the harm analysis.”  Id. at 713.  The court reasoned that,
ultimately, it would have no way of knowing what role the defendant’s knowledge
concerning the consequences of his plea would have on his decision about
whether to plead guilty.  Id.  Accordingly, the court concluded,
“[r]egardless of the strength of the evidence of guilt, we have no fair
assurance that the appellant would not have changed his guilty plea had he been
properly admonished.”  Id. [1]
 

            Lastly,
we turn to the evidence of appellant’s citizenship and immigration status.  The
State concedes that a reasonable inference may be drawn from the evidence that
appellant is an immigrant.  When appellant was arrested, he indicated that he
was a citizen of Morocco.  He also requested that the Moroccan consulate be
contacted.  At trial, appellant testified through an Arabic interpreter that he
was born in Morocco and he spoke very little English.  Both appellant and his
son testified that their family moved to the United States from Morocco in 2003
via a “lottery.”  The testimony concerning the lottery was not well-developed,
and there is no evidence to indicate whether appellant subsequently became a
United States citizen.  The Court of Criminal Appeals has held that when the
trial court fails to admonish a defendant about the immigration consequences of
his guilty plea, a record that is silent on the defendant’s citizenship or that
is insufficient to determine citizenship establishes harmful error.  See VanNortrick,
227 S.W.3d at 710–14 (refusing to draw inference that appellant was a citizen
based on prior felony conviction that did not result in deportation).

            In
this case, as in VanNortrick, the evidence of appellant’s guilt may be
strong, but there is no evidence to suggest that appellant was aware of the
deportation and immigration consequences of his plea.  Further, the trial court
wholly failed to admonish appellant concerning the deportation and immigration
consequences of his guilty plea, and there is at least some evidence in the
record to support a reasonable inference that appellant was a non-citizen when
he pleaded guilty.  Therefore, we conclude that the trial court’s error in this
case was harmful.  See id. at 713–14; see also Stevens v. State,
278 S.W.3d 826, 829 (Tex. App.—Houston [14th Dist.] 2009, pet. ref’d) (citing VanNortrick
and holding that, when record is silent as to defendant’s citizenship and
deportation consequences of his plea, appellate court must infer that defendant
did not know the consequences of his plea and therefore the error is harmful).

*
* *

            We
sustain that portion of appellant’s second issue concerning the trial court’s
failure to admonish him concerning the immigration consequences of his plea and
therefore do not address the trial court’s failure to admonish appellant
concerning the range of punishment or appellant’s first issue.  We reverse the
trial court’s judgment and remand for further proceedings consistent with this
opinion. 

                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Justices Anderson,
Brown, and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
The State did not attempt to distinguish VanNortrick in its appellate
brief; indeed, it did not cite VanNortrick at all.