**Affirmed and Opinion filed February 28, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-00249-CR

**CHARLES WAYNE HINES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 56th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 10CR0438**

## O P I N I O N

Appellant Charles Wayne Hines appeals from his conviction for sexual assault of a child. After appellant pleaded guilty, a jury assessed his punishment at twelve years' imprisonment. In two issues, appellant contends that the trial court erred in (1) failing to admonish him regarding the possible immigration consequences of his guilty plea, and (2) permitting the complainant to testify as to

his wishes regarding appellant's sentence.  We affirm.

*Failure to Admonish*

Appellant originally pleaded not guilty but, after the jury was selected and seated, changed his plea to guilty.  The trial court accepted appellant's plea and proceeded with the punishment phase of the trial to the jury.  In his first issue, appellant contends that the trial court erred in failing to properly admonish him regarding the possible immigration consequences of his guilty plea.

Pursuant to article 26.13 of the Texas Code of Criminal Procedure, when accepting a guilty plea or plea of nolo contendere, a trial court must admonish the defendant of, among other things, "the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law."  Tex. Code Crim. Pro. 26.13(a).  It is uncontested that the trial court did not admonish appellant in this case.  The court erred in failing to comply with the mandatory statute.  *See VanNortrick v. State*, 227 S.W.3d 706, 707-08 (Tex. Crim. App. 2007); *Stevens v. State*, 278 S.W.3d 826, 829 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd).[1]

Such error is "non-constitutional," as the admonishments under article 26.13 are not constitutionally required.  *VanNortrick*, 227 S.W.3d. at 708.  Accordingly, we must assess whether the error was harmful under the standard set forth in Texas Rule of Appellate Procedure 44.2(b), which requires that any non-constitutional error be disregarded unless it affects the defendant's "substantial rights."  Tex. R. App. P.  44.2(b); *VanNortrick*, 227 S.W.3d at 708.  We must conduct an

---

[1] Appellant maintains that the trial court wholly failed to admonish him under article 26.13; however, appellant only complains on appeal regarding the failure to admonish as to immigration consequences under article 26.13(a)(4).

independent examination of the entire record to determine whether error was harmful; neither party has a burden to demonstrate harm or harmlessness. *VanNortrick*, 227 S.W.3d at 708-09.

*No Harm Where Evidence of U. S. Citizenship in the Record*

The critical inquiry in this case is whether, "considering the record as a whole, do we have a fair assurance that the defendant's decision to plead guilty would not have changed had the court admonished him?" *Id*. at 709 (quoting *Anderson v. State*, 182 S.W.3d 914, 919 (Tex. Crim. App. 2006)).

> [W]hen the record shows a defendant to be a United States citizen, the trial court's failure to admonish him on the immigration consequences of his guilty plea is harmless error. This is so because such a defendant is not subject to deportation, the threat of which could not have influenced that defendant's decision to plead guilty.

*Id*. (citing *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997), *overruled by statute on other grounds*).

Appellant contends that the evidence was insufficient in this case to establish his U. S. citizenship; thus, the error in failing to properly admonish him cannot be deemed harmless, citing *VanNortrick*, 227 S.W.2d at 711 (holding that although the record was "not entirely silent" on the defendant's citizenship status, the evidence that defendant had a prior felony conviction yet was present in the United States was not sufficient to support an inference that the defendant was a citizen at the time he entered his guilty plea).[2]

---

[2] In *VanNortrick*, the only evidence relevant to the defendant's citizenship status was a penitentiary packet from a prior conviction. 227 S.W.3d at 710. The State maintained that because the earlier conviction would have rendered the defendant deportable, the fact that he had not been deported indicated he was still a citizen. *Id*. The Court rejected this argument, explaining that the evidence in the record was not sufficient to support an inference about citizenship because not every deportable convict is actually deported. *Id*. at 711.

Appellant acknowledges that during a videotaped interview with police, which was played at trial, he stated that he was born in Jackson, Mississippi. He further acknowledges that the fact that he was born in the United States made him a United States citizen from birth. *See* U.S. Const. amend. XIV, § 1 ("All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside.").

Appellant argues, however, that because there was no evidence that he was still a citizen at the time he entered his plea and had not renounced his citizenship, the evidence was insufficient to establish his citizenship. The proof of citizenship, however, need not be conclusive. As the Court stated in *VanNortrick*, an appellate court "should draw reasonable inferences from facts in the record when conducting a harm analysis due to a trial court's failure to admonish." 227 S.W.3d at 710-711 ("In some cases, the facts in the record will be sufficiently persuasive to merit an inference regarding citizenship or immigration status."); *see also Stevens*, 278 S.W.3d at 829 (discussing *VanNortrick*).

In a case involving substantially similar evidence, the Court of Criminal Appeals held that evidence a defendant was born in the United States was sufficient to establish citizenship so that a failure to admonish regarding the possible immigration consequences of a guilty plea was harmless error. *See Cain*, 947 S.W.2d at 263-64 & n.2 (citing as evidence of citizenship a Texas Department of Corrections record showing the defendant's birthplace as Parker County, Texas). Appellant admitted he was born in Mississippi. In the absence of any evidence that appellant had lost or renounced his citizenship, it is reasonable to conclude that he was in fact a citizen and not subject to deportation at the time he pleaded guilty. *See Lawrence v. State*, 306 S.W.3 378, 379 (Tex. App.—Amarillo, 2010, no pet.) (holding evidence in pen packet that defendant was born in Texas

4

was sufficient evidence that he was a United States citizen). Consequently, as we have a fair assurance on the record before us that appellant's decision to plead guilty would not have changed had the court admonished him, the trial court's error in failing to properly admonish him on the possible immigration consequences of his guilty plea was harmless. *See VanNortrick*, 227 S.W.3d at 709. We overrule appellant's first issue.

*No Harm From Complainant's Testimony on Sentencing*

In his second issue, appellant contends that the trial court erred in admitting improper victim impact testimony in which the complainant testified to his wishes regarding appellant's sentence. Specifically, during the complainant's testimony in the trial on punishment, the prosecutor asked, "What would you like to see happen?" After defense counsel's objections based on relevance and Texas Rule of Evidence 403 were overruled, the complainant stated, "Personally, I would like the maximum sentence; but I know that that doesn't always happen." The prosecutor then said, "You have told me you have kind of a formula about what you think. Can you share with the jury what that is?" After defense counsel's same objections were again overruled, the complainant explained that "[t]he whole grooming process started when I was 10. So, that's been eight years of my life that has been wrapped up in him; and, so, I feel that he should have at least that much time."

Appellant contends that complainant's testimony was irrelevant to the issue of punishment and even if relevant was more prejudicial than probative. *See* Tex. R. Evid. 402 ("Evidence which is not relevant is inadmissible."), 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."). Several courts of appeals have held that a victim's testimony regarding what punishment should be assessed

can properly be excluded from evidence. *See, e.g., Wright v. State*, 962 S.W.2d 661, 663 (Tex. App.—Fort Worth 1998, no pet.) (holding testimony was not relevant to jury's punishment determination); *Hughes v. State*, 787 S.W.2d 193, 196 (Tex. App.—Corpus Christi 1990, pet. ref'd) (same); *Gross v. State*, 730 S.W.2d 104, 105-06 (Tex. App.—Texarkana 1987, no pet.) (holding testimony was beyond scope of permissible lay opinion testimony under Tex. R. Crim. Evid. 701).

The Court of Criminal Appeals has suggested in dicta, however, that such testimony might be admissible. *See Taylor v. State*, 109 S.W.3d 443, 454 (Tex. Crim. App. 2003) (evaluating the effect on the jury of a hypothetical posited by the trial judge, stating "[a] punishment recommendation from a non-victim—especially an expert—entails a situation significantly different from a recommendation from the victim, who, at least arguably, was in a position to give an opinion based rationally upon his observations of the crime itself and who is the one who suffered from the crime in the first place"); *Fryer v. State*, 68 S.W.3d 628, 631 n.22 (Tex. Crim. App. 2002) (analyzing the admissibility of statements in a PSI report and stating "[the victim] was arguably qualified to give lay opinion testimony under Rule 701 concerning appellant's suitability for probation because she was acquainted with appellant and had first-hand knowledge of the commission of the offense").[3]

Even assuming that the trial court erred in admitting this evidence, we find that such error was harmless and thus not grounds for reversal. A violation of the

---

[3] Appellant does not make a constitutional argument. The United States Supreme Court in *Booth v. Maryland* held that the family members' opinion testimony regarding appropriate punishment in capital cases violates the Eighth Amendment. 482 U.S. 496, 508 (1987), *overruled on other grounds by Payne v. Tennessee*, 501 U.S. 808 (1991). However, as in *Fryer*, this case involves neither a capital offense nor testimony from the victim's family; it is the testimony of the victim himself. 68 S.W.3d at 630 (pointing out that "statements . . . were made by the crime victim who, being more knowledgeable about the offense, could be in a better position to speak on the issue of appropriate punishment.").

rules of evidence that results in the erroneous admission of evidence is non-constitutional error and is analyzed for harm pursuant to Texas Rule of Appellate Procedure 44.2(b). Tex. R. App. P. 44.2(b); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). In conducting an analysis under Rule 44.2(b), we examine the entire proceeding to determine whether the alleged error had a substantial and injurious effect on the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). If we determine the error did not influence the jury, or had but very slight effect, the verdict must stand. *Johnson*, 967 S.W.2d at 417. If we have "grave doubts" about whether an error affected the outcome, we must treat the error as if it did. *Webb v. State*, 36 S.W.3d 164, 182 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

The testimony complained of here was a brief exchange at the conclusion of the complainant's direct examination testimony regarding the sexual abuse that he claimed to have suffered from appellant. Complainant explained that appellant, a "family friend" who was also the father of the complainant's sister, had sexually molested him numerous times while the complainant was between the ages of 13 and 17. The complainant further explained the repercussions this abuse had in his life, including that he could not think of his childhood without thinking of appellant. The jury also heard testimony from the complainant's mother, who discussed the impact of the crime not only on the complainant but also on her and the daughter she had with appellant. She additionally explained that the complainant had been depressed throughout his teenage years. The jury also viewed a videotaped interview of appellant by police, so they were able to consider his demeanor and statements regarding the allegations.

It likely came as no surprise to the jury that the complainant thought appellant should receive a sentence in at least the range stated. *Cf. Simpson v.*

*State*, 119 S.W.3d 262, 274 (Tex. Crim. App. 2003) ("It was probably no great surprise that the victim's family was in favor of the death penalty."). The jury assessed a punishment of twelve years in prison, which was well below the maximum sentence the complainant stated he would like to see given and which was different than the "formula" complainant suggested that would have resulted in a sentence of eight years.[4] Appellant argues without legal citation that, because the twelve-year sentence assessed lies between eight and twenty, the jury obviously was influenced by the complainant's testimony. However, other than the fact that the sentence fell somewhere between the two numbers mentioned by the complainant, there is no indication that the jury reached its verdict based on the complainant's stated wishes. The complainant's testimony on this point was brief, and the prosecutor made no specific request of the jury and did not refer to the complainant's testimony about sentencing in the State's closing argument.

On this record, the trial court's alleged error in permitting the complainant to testify as to the punishment he would like appellant to receive had no more than a very slight effect on the jury's determination of punishment. *See Johnson*, 967 S.W.2d at 417. Consequently, presuming there was error, such error was harmless. We overrule appellant's second issue.

We affirm the trial court's judgment.


/s/     Martha Hill Jamison
Justice

Panel consists of Justices Frost, Christopher, and Jamison.

Publish — TEX. R. APP. P. 47.2(b).

---

[4] The range of punishment permitted by the jury charge was between two and twenty years in prison. *See Mayes v. State*, 353 S.W.3d 790, 797 (Tex. Crim. App. 2011) (discussing punishment range for sexual assault of a child and citing Tex. Pen. Code §§ 22.011(f), 12.33(a)).