

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00431-CR

RAUL RESENDEZ HERRERA　　　　　　　　　　　　　　　　APPELLANT

V.

THE STATE OF TEXAS　　　　　　　　　　　　　　　　　　　STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
TRIAL COURT NO. 1322964D

----------

## DISSENTING OPINION

----------

I respectfully dissent. In my view, the Majority Opinion misapplies the law and fails to apply the proper standard of review.

Appellant Raul Resendez Herrera entered an open plea of guilty to the offense of aggravated sexual assault of a child under fourteen years of age; the victim was Herrera's own step-granddaughter A.O. The trial court conducted a punishment hearing. The trial court took judicial notice of the presentence

investigation report (PSI), which included an approximately half-page statement—entitled "victim impact statement"—from then sixteen-year-old A.O. In it, A.O. expressed the effect of her step-grandfather's abuse and her opinion that he should "go to prison." The trial court asked Herrera's counsel whether he had been given an opportunity to review the PSI, and he responded that he had. Herrera did not object to any portion of the PSI. The State called the victim's father who testified without objection that the victim would be better off if Herrera was incarcerated. Herrera called five witnesses who testified that if Herrera were placed on probation, they would help him successfully comply with the terms and conditions imposed. The trial court sentenced Herrera to twenty-five years' confinement.

Herrera filed a motion for new trial asserting newly-discovered evidence. The evidence he asserts is newly discovered is a change in A.O.'s opinion that he should be imprisoned to an opinion that he should be placed on probation. A.O.'s handwritten statement to this effect is attached to his motion for new trial; it also asserts that she tried to drop the charges against Herrera but was unable to do so.

The Majority Opinion misapplies the law because although A.O.'s statement in the PSI is entitled "victim impact statement," it was not generated under the victim-impact statute but instead was obtained under the PSI statute. *Compare* Tex. Code Crim. Proc. Ann. art. 56.03 (West Supp. 2015) (governing victim-impact statements), *with id.* art. 42.12, § 9(a) (West Supp. 2015)

2

(governing PSIs), *and Carr v. State*, No. 12-04-00165-CR, 2005 WL 2461147, at *1–2 (Tex. App.—Tyler Oct. 5, 2005, no pet.) (mem. op., not designated for publication) (rejecting notion that victim's letter to trial court judge was improperly considered as part of the PSI). The law is well-settled that the PSI statute is broadly worded to allow inclusion in the PSI of any information relating to the defendant or the offense. *See, e.g., Fryer v. State*, 68 S.W.3d 628, 632 (Tex. Crim. App. 2002). And, contrary to the Majority Opinion's holding, the right of confrontation does not apply to information contained in a PSI. *See Stringer v. State*, 309 S.W.3d 42, 48 (Tex. Crim. App. 2010) (holding that when a PSI is used in a noncapital case in which the defendant has elected to have the judge determine sentencing, *Crawford*[1] does not apply). The Texas Court of Criminal Appeals explained in *Stringer* that to hold otherwise would "require a trial judge to hold a mini-trial for sentencing and would thwart the purpose of the PSI as a tool for the court to use in determining punishment." *Id.* Thus, Herrera possessed no right to cross-examine the victim of his offense concerning her punishment opinion set forth in the PSI; his remedy was to object to her punishment opinion's being included in the PSI and to request that the trial court not consider it. He did not do so. Because—contrary to the majority's holding—Herrera possessed no right to cross-examine the victim concerning the information she provided in the PSI, it is nonsensical to hold that he is entitled to a hearing to do so.

---

[1]*Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004).

3

The Majority Opinion also fails to apply the proper standard of review because when examining a trial court's denial of a hearing on a motion for new trial, we review for an abuse of discretion. *See, e.g.*, *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009); *Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). We will reverse for a hearing on a motion for new trial only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Smith*, 286 S.W.3d at 339. A hearing on a motion for new trial is "not an absolute right," and a trial court does not abuse its discretion by denying a motion-for-new-trial hearing when the motion fails to establish "the existence of reasonable grounds showing that the defendant could be entitled to relief." *Id.*

Many courts, including this court, have held that a victim's testimony regarding what punishment should be assessed may be properly excluded from evidence. *See Hines v. State*, 396 S.W.3d 706, 710 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (holding that testimony was not relevant to jury's punishment determination); *Wright v. State*, 962 S.W.2d 661, 663 (Tex. App.—Fort Worth 1998, no pet.) (same); *Hughes v. State*, 787 S.W.2d 193, 196 (Tex. App.—Corpus Christi 1990, pet. ref'd) (same); *Gross v. State*, 730 S.W.2d 104, 105–06 (Tex. App.—Texarkana 1987, no pet.) (holding that testimony was beyond scope of permissible lay opinion testimony). In light of this body of case law, the trial court did not abuse its discretion by determining that Herrera's motion for new trial—claiming newly-discovered evidence consisting of A.O.'s changed opinion

4

as to his punishment—did not establish the existence of reasonable grounds showing that Herrera could be entitled to relief. That is, because the changed punishment-opinion testimony proffered by A.O. could be properly excluded at any subsequent new trial hearing, it cannot establish grounds showing Herrera's right to relief. *See Lopez v. State*, No. 04-13-00300-CR, 2014 WL 5353627, at *7 (Tex. App.—San Antonio Oct. 22, 2014, pet. ref'd) (mem. op., not designated for publication).

Because Herrera did not object to A.D.'s punishment opinion included in the PSI, because Herrera possesses no right under article 56.03(e) to cross-examine A.O. on her punishment opinion included in the PSI, and because the trial court did not abuse its discretion by denying Herrera a hearing on his motion for new trial based on newly discovered evidence, I would overrule Herrera's first issue. The Majority Opinion does not, so I respectfully dissent.

/s/ Sue Walker
SUE WALKER
JUSTICE

PUBLISH

DELIVERED: February 18, 2016