

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00431-CR

---

RAUL RESENDEZ HERRERA          APPELLANT

V.

THE STATE OF TEXAS          STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
TRIAL COURT NO. 1322964D

----------

## MEMORANDUM OPINION[1] ON REHEARING

----------

After considering the State's Motion for Rehearing and Appellant's Response to the State's Motion for Rehearing, this court's opinion dated February 18, 2016 is withdrawn and the following opinion is substituted therefor.

Appellant Raul Resendez Herrera entered an open plea of guilty to the offense of aggravated sexual assault of a child under fourteen years of age; the

---

[1]See Tex. R. App. P. 47.4.

victim was Herrera's step-granddaughter A.O. The trial court conducted a punishment hearing. The trial court took judicial notice of the presentence investigation report (PSI), which included an approximately half-page statement—entitled "victim[-]impact statement"—from then sixteen-year-old A.O. In it, A.O. expressed the effect of her step-grandfather's abuse and her opinion that he should "go to prison." The trial court asked Herrera's counsel whether he had been given an opportunity to review the PSI, and he responded that he had. Herrera did not object to any portion of the PSI. The State called the victim's father who testified without objection that the victim would be better off if Herrera were incarcerated. Herrera called five witnesses who testified that if Herrera were placed on probation, they would help him successfully comply with the terms and conditions imposed. The trial court sentenced Herrera to twenty-five years' confinement.

Herrera filed a motion for new trial based on newly-discovered evidence. In his motion for new trial, Herrera asserts that this newly-discovered evidence was a change in A.O.'s opinion that he should be imprisoned to an opinion that he should be placed on probation.[2] A post-trial, sworn, handwritten statement by A.O. to this effect is attached to Herrera's motion for new trial; this post-trial

[2]Specifically, Herrera's motion for new trial alleges that he should be granted a new trial on punishment because A.O. was not called to testify at the punishment hearing; A.O.'s father was called to testify instead; and after the punishment hearing, A.O. made a handwritten statement indicating that she did not want Herrera to go to prison, which was contrary to the punishment testimony provided by A.O.'s father.

statement by A.O. also asserts that A.O. tried to drop the charges against Herrera but was unable to do so. In her post-trial statement, A.O. does not, however, deny previously making or signing the letter transcribed as a victim-impact statement and included in the PSI, which expressed her opinion that Herrera should be punished by "go[ing] to prison." Also attached to Herrera's motion for new trial were affidavits from Herrera's wife of seventeen years and Herrera's wife's sister; these affidavits asserted that A.O. had denied authoring the letter that was transcribed and included in the PSI as a victim-impact statement and that the signature on the letter did not look like A.O.'s signature. Herrera's motion for new trial was overruled by operation of law.

Herrera raises two issues on appeal challenging the trial court's failure to conduct a hearing on his motion for new trial and challenging the trial court's failure to grant a motion for new trial on the ground of newly-discovered evidence.

Concerning Herrera's assertion that he was entitled to a hearing on his motion for new trial, we review a court's denial of a hearing on a motion for new trial for an abuse of discretion. *See, e.g.*, *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009); *Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). A hearing on a motion for new trial is "not an absolute right." *Smith*, 286 S.W.3d at 338. A defendant is not entitled to a hearing on a motion for new trial unless the motion and supporting affidavits reflect that reasonable grounds exist for granting a new trial. *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App.

3

2003). Reasonable grounds do not exist for granting a motion for new trial grounded upon newly-discovered evidence unless the motion meets the requirements of article 40.001 of the Texas Code of Criminal Procedure, which provides that "[a] new trial shall be granted an accused where material evidence favorable to the accused has been discovered since trial." Tex. Code Crim. Proc. Ann. art. 40.001 (West 2006).

The Texas Court of Criminal Appeals has held that to be entitled to a new trial based on newly-discovered evidence under article 40.001, a defendant must meet the following four-part test: (1) the new evidence must have been unknown or unavailable to him at the time of trial; (2) his failure to discover or to obtain the evidence must not have been due to his lack of diligence; (3) the new evidence must be admissible and not merely cumulative, corroborative, collateral, or impeaching; and (4) the new evidence must be probably true and must probably bring about a different result on another trial. *Carsner v. State*, 444 S.W.3d 1, 2–3 (Tex. Crim. App. 2014) (citing *Wallace*, 106 S.W.3d at 108; *Keeter v. State*, 74 S.W.3d 31, 36–37 (Tex. Crim. App. 2002)).

Many courts, including this court, have held that a victim's testimony regarding what punishment should be assessed may be properly excluded from evidence. *See Hines v. State*, 396 S.W.3d 706, 710 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (holding that testimony was not relevant to jury's punishment determination); *Wright v. State*, 962 S.W.2d 661, 663 (Tex. App.—Fort Worth 1998, no pet.) (same); *Hughes v. State*, 787 S.W.2d 193, 196 (Tex. App.—

4

Corpus Christi 1990, pet. ref'd) (same); *Gross v. State*, 730 S.W.2d 104, 105–06 (Tex. App.—Texarkana 1987, no pet.) (holding that testimony was beyond scope of permissible lay-opinion testimony). In light of this body of case law, the trial court did not abuse its discretion by determining that Herrera's motion for new trial—claiming newly-discovered evidence consisting of A.O.'s changed opinion as to his punishment—did not establish the existence of reasonable grounds showing that Herrera could be entitled to relief. That is, because the changed punishment-opinion testimony proffered by A.O. could be properly excluded at any subsequent new trial, it cannot establish grounds showing Herrera's right to relief. *See Espinoza v. State*, 185 S.W.3d 1, 6 (Tex. App.—San Antonio 2005, no pet.) (holding that trial court did not abuse its discretion by denying hearing on motion for new trial based on newly-discovered evidence when motion failed to reflect reasonable ground for relief); *Lopez v. State*, No. 04-13-00300-CR, 2014 WL 5353627, at *7 (Tex. App.—San Antonio Oct. 22, 2014, pet. ref'd) (mem. op., not designated for publication) (same), *cert. denied*, 136 S. Ct. 102 (2015).

Accordingly, because Herrera's motion for new trial and the attached affidavits did not set forth reasonable grounds showing that he was entitled to relief, the trial court did not abuse its discretion by failing to grant a hearing on his motion for new trial or by not granting a new trial. *See, e.g.*, *Smith*, 286 S.W.3d at 339; *Wallace*, 106 S.W.3d at 108; *Keeter*, 74 S.W.3d at 36–37; *Reyes*, 849 S.W.2d at 815.

To the extent Herrera's two issues on appeal may be construed as including the complaint that his confrontation rights were violated because A.O.'s victim-impact statement was included in the PSI and the complaint that A.O. did not actually author the victim-impact statement included in the PSI, we briefly address these contentions. Concerning the confrontation contention, we note that although A.O.'s statement in the PSI is entitled "victim[-]impact statement," it was not generated under the victim-impact statute but instead was obtained under the PSI statute. *Compare* Tex. Code Crim. Proc. Ann. art. 56.03 (West Supp. 2015) (governing victim-impact statements), *with id.* art. 42.12, § 9(a) (West Supp. 2015) (governing PSIs), *and Carr v. State*, No. 12-04-00165-CR, 2005 WL 2461147, at *1–2 (Tex. App.—Tyler Oct. 5, 2005, no pet.) (mem. op., not designated for publication) (rejecting notion that victim's letter to trial court judge was improperly considered as part of the PSI). The law is well-settled that the PSI statute is broadly worded to allow inclusion in the PSI of any information relating to the defendant or the offense. *See, e.g.*, *Fryer v. State*, 68 S.W.3d 628, 632 (Tex. Crim. App. 2002). And the right of confrontation does not apply to information contained in a PSI. *See Stringer v. State*, 309 S.W.3d 42, 48 (Tex. Crim. App. 2010) (holding that when a PSI is used in a noncapital case in which the defendant has elected to have the judge determine sentencing, *Crawford*[3] does not apply). The Texas Court of Criminal Appeals explained in *Stringer* that

[3] *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004).

6

to hold otherwise would "require a trial judge to hold a mini-trial for sentencing and would thwart the purpose of the PSI as a tool for the court to use in determining punishment." *Id.* Thus, Herrera possessed no right to cross-examine A.O. concerning her punishment opinion set forth in the PSI; his remedy was to object to her punishment opinion's being included in the PSI and to request that the trial court not consider it. He did not do so.

Concerning the contention that A.O. did not author the victim-impact statement included in the PSI, any such contention was waived when Herrera failed to object to the PSI. *See, e.g.*, *Reyes v. State*, 361 S.W.3d 222, 227–33 (Tex. App.—Fort Worth 2012, pet. ref'd) (explaining that failure to object to PSI or its contents results in waiver of argument on appeal). Moreover, Herrera's wife (who made the affidavit attached to his motion for new trial asserting that A.O. told her she had not authored the letter) testified at the punishment hearing; she testified that she had previously had a conversation with A.O. about the letter written to the probation department and that "the statement was not written by her [A.O.], that was stated by her [A.O.]." Thus, the information set forth in the affidavits of Herrera's wife and his wife's sister that were attached to Herrera's motion for new trial cannot constitute newly-discovered evidence. The record from the punishment hearing reflects that Herrera knew of this information at the time of the punishment hearing. When the evidence was known and accessible to a defendant at the time of trial, the movant has not shown a proper basis for granting a new trial. *See, e.g.*, *Drew v. State*, 743 S.W.2d 207, 227 n.14 (Tex.

7

Crim. App. 1987) ("A new trial is never allowed for the purpose of obtaining evidence that was known and accessible to the defendant at the time the cause was tried."); *Tate v. State*, 834 S.W.2d 566, 571 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd) (same).

We overrule Herrera's first and second issues.

Having addressed all contentions raised by Herrera and having overruled both of his issues, we affirm the judgment of the trial court, and we lift the stay previously ordered by this court on March 11, 2016.

/s/  Sue Walker
SUE WALKER
JUSTICE

PANEL:  WALKER, DAUPHINOT, and MEIER, JJ.

DAUPHINOT, J., dissents without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 14, 2016