

# NUMBER 13-24-00129-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**DAVID TORRES,**                                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                      **Appellee.**

---

## ON APPEAL FROM THE 148TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Cron**
**Memorandum Opinion by Justice Peña**

Appellant David Torres appeals his conviction for continuous sexual abuse of a child under 14 years of age, a first-degree felony. See TEX. PENAL CODE ANN. § 21.02. The jury sentenced Torres to fifty years' imprisonment. By one issue, Torres argues that

the trial court erred in permitting the complainant, E.M.[1], to testify that she wished Torres to be sentenced to forty-five years' imprisonment. We affirm.

## I.     BACKGROUND

On June 2, 2022, a Nueces County grand jury indicted Torres with one count of continuous sexual abuse of a child under 14 years of age (Count 1), and two counts of aggravated sexual assault of a child (Counts 2 and 3). *See id*. §§ 21.02, 22.021. The indictment alleged that Torres committed various acts of sexual assault against a child, E.M., from on or about September 19, 2015, through February 1, 2016.

The evidence adduced at trial showed that Torres was the "significant other" of E.M.'s grandmother, whom E.M. considered as her mother. At the close of evidence, the jury returned a verdict of guilty as to Count 1, and the State dismissed Counts 2 and 3. During the punishment phase of trial, the State asked E.M., "What are you asking this jury for?" Trial counsel objected before E.M. responded, but the trial court overruled the objection. E.M. answered: "Forty-five years." Trial counsel renewed his objection to this testimony as not "appropriate," asking that the trial court strike the response and grant a mistrial. The trial court overruled trial counsel's objection, and the jury sentenced Torres to fifty years' imprisonment. This appeal followed.

## II.     STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's ruling on the admission of evidence for an abuse of discretion. *Matew v. State*, 655 S.W.3d 291, 300 (Tex. App.—Corpus Christi–Edinburg

---

[1] To protect the identity of the complainant, we will refer to her by her initials. *See* TEX. CONST. art. I, § 30(a)(1) (providing that a crime victim has "the right to be treated . . . with respect for the victim's dignity and privacy throughout the criminal justice process").

2022, pet. ref'd) (citing *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007)). A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *Id*. (citation omitted); *see Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003) (noting that an abuse of discretion occurs "only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree" (citation omitted)).

For non-constitutional error, as asserted here, we apply Texas Rule of Appellate Procedure 44.2(b) and disregard the error if it did not affect the defendant's substantial rights. TEX. R. APP. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence on determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Conversely, an error does not affect a substantial right if we have "fair assurance that the error did not influence the jury or [that it] had but a slight effect." *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001). We examine everything in the record to assess harm, including any testimony or physical evidence, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered with other evidence in the case, closing arguments, and whether the State emphasized the alleged error. *Motilla v. State*, 78 S.W.3d 352, 355–56 (Tex. Crim. App. 2002).

Evidence is relevant if it has any tendency to make a fact consequence more or less probable than it would be without the evidence. TEX. R. EVID. 401. This concept of relevance has been incorporated into the relevant procedural rules governing the admission of evidence during sentencing hearings. *See Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018). Specifically, Article 37.07, § 3(a) of the Texas Code of

3

Criminal Procedure "governs the admissibility of evidence during the punishment stage of a non-capital criminal trial." *McGee v. State*, 233 S.W.3d 315, 318 (Tex. Crim. App. 2007) (citation omitted). Article 37.07, § 3(a) provides that "evidence may be offered" in the punishment stage of trial "as to any matter the court deems relevant to sentencing." TEX. CODE CRIM. PROC. art. 37.07, § 3(a)(1). Evidence is "relevant to sentencing," within the meaning of the statute, if the evidence is "helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case." *Rodriguez v. State*, 203 S.W.3d 837, 842 (Tex Crim. App. 2006). "In non-capital felony cases, the general rule remains that the State may present evidence as to any matter the trial court, in the legitimate use of its discretion, may deem relevant to sentencing." *Boone v. State*, 60 S.W.3d 231, 238 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

As to victim impact testimony, the Texas Court of Criminal Appeals has held that relevancy depends upon whether the testimony has "some bearing on the defendant's 'personal responsibility and moral guilt.'" *Stavinoha v. State*, 808 S.W.2d 76, 78–79 (Tex. Crim. App. 1991). Stated differently, the relevance of victim impact testimony in a non-capital felony case requires that such testimony have a "close, direct link to the circumstances of the case." *Brooks v. State*, 961 S.W.2d 396, 399 (Tex. App.—Houston [1st Dist.] 1997, no writ); *see also Mosley v. State*, 983 S.W.2d 249, 262 (Tex. Crim. App. 1998) ("We recognize that this standard does not draw a bright and easy line for determining when evidence concerning the victim is admissible and when it is not. Trial judges should exercise their sound discretion in permitting some evidence about the victim's character and the impact on others' lives while limiting the amount and scope of such testimony.").

4

Absent a showing of unreasonable prejudice, we will not find an abuse of discretion in admitting evidence over a relevancy objection unless we "can say with confidence that by no reasonable perception of common experience can it be concluded that proffered evidence has a tendency to make the existence of a fact of consequence more or less probable that it would otherwise be." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990), *on reh'g* (June 19, 1991) (en banc).

## III.    DISCUSSION

Torres argues that E.M.'s testimony that she wanted him to be sentenced to forty-five years' imprisonment was admitted erroneously and had a substantial and injurious effect on the jury's decision to sentence him to fifty years' imprisonment. *See King*, 953 S.W.2d at 271. In support of this argument, Torres relies mainly on the decision in *Sattiewhite v. State*, wherein the Texas Court of Criminal Appeals stated that "[t]he argument that a witness may recommend a particular punishment to the trier of fact has been soundly rejected." 786 S.W.2d 271, 290 (Tex. Crim. App. 1989).

*Sattiewhite*, however, is inapposite. The holding of *Sattiewhite* is limited to situations where a party asks for a sentencing recommendation from an *expert* witness. *See id.* (warning against a "battle of the experts"). The Texas Court of Criminal Appeals has subsequently affirmed the limited holding of *Sattiewhite*. *See Fryer v. State*, 68 S.W.3d 628, 630 (Tex. Crim. App. 2002) ("Our analysis in *Sattiewhite,* then, focused specifically on the unsuitability of *expert* testimony on the issue of appropriate punishment."); *see also Taylor v. State*, 109 S.W.3d 443, 454 (Tex. Crim. App. 2003) ("A punishment recommendation from a non-victim—especially an expert—entails a situation significantly different from a recommendation from the victim, who, at least arguably, was

5

in a position to give an opinion based rationally upon his observations of the crime itself and who is the one who suffered from the crime in the first place." (*citing Fryer*, 68 S.W.3d at 631, 631 n.22)). Critically, here, the complained-of testimony comes from the victim named in the indictment. *See Bain v. State*, 115 S.W.3d 47, 51 (Tex. App.—Texarkana 2003, pet. ref'd) ("Trial courts limit victim impact testimony to the victim named in the indictment."). Accordingly, the trial court did not err in permitting such testimony. *See, e.g., Hines v. State*, 396 S.W.3d 706, 710 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (analyzing a case where the child sex abuse victim testified that she hoped that the defendant received the maximum penalty and noting that *Fryer* likely meant that such testimony was permitted).

Regardless, we find that Torres's claim fails because he cannot show substantial harm on this record. *See King*, 953 S.W.2d at 271. In *Hines*, for example, the appellant was convicted of sexual assault of a child, and the child testified that she "would like the maximum sentence," which was twenty years' imprisonment. 396 S.W.3d at 710. The Fourteenth Court of Appeals concluded that because the jury sentenced him to twelve years' imprisonment, the appellant could not show substantial harm:

> It likely came as no surprise to the jury that the complainant thought appellant should receive a sentence in at least the range stated. . . . The jury assessed a punishment of twelve years in prison, which was well below the maximum sentence the complainant stated he would like to see given and which was different than the 'formula' complainant suggested that would have resulted in a sentence of eight years. Appellant argues without legal citation that, because the twelve-year sentence assessed lies between eight and twenty, the jury obviously was influenced by the complainant's testimony. However, other than the fact that the sentence fell somewhere between the two numbers mentioned by the complainant, there is no indication that the jury reached its verdict based on the complainant's stated wishes. The complainant's testimony on this point was brief, and the prosecutor made no specific request of the jury and did not refer to the

6

complainant's testimony about sentencing in the State's closing argument.

> On this record, the trial court's alleged error in permitting the complainant to testify as to the punishment he would like appellant to receive had no more than a very slight effect on the jury's determination of punishment. Consequently, presuming there was error, such error was harmless. We overrule appellant's second issue.

*Id.* at 711 (citations omitted).

Here, the record contains only one reference to the complained-of recommended sentence of forty-five years' imprisonment, which E.M. briefly provided at the end of her direct examination during the punishment phase of trial. The State did not further refer or otherwise reinforce E.M.'s recommended sentence. Rather, during closing, the State based its retribution argument on the "effects" the crime had on E.M., including her "mental health problems," "anxiety," and her need to take medications. The State concluded its closing by asking the jury to sentence Torres to "anywhere between 40 and 50 years in prison." The jury sentenced Torres to fifty years' imprisonment. Based on "everything in the record" before us, *Motilla*, 78 S.W.3d at 355, as in *Hines*, we conclude that any error committed by the trial court was harmless because the "alleged error in permitting the complainant to testify as to the punishment [s]he would like appellant to receive had no more than a very slight effect on the jury's determination of punishment." 396 S.W.3d at 711; *see King*, 953 S.W.2d at 271; *Solomon*, 49 S.W.3d at 365. We overrule Torres's sole issue.

## IV.    Conclusion

For all the above reasons, we affirm the judgment of the trial court.

L. ARON PEÑA JR.
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
7th day of August, 2025.

8